Phillip JASPER, etc., et al., Plaintiffs,

v.

**WAL–MART STORES, INC., et al., Defendants.**

**No. 90–2–CIV–FTM–17(B).**

United States District Court, M.D. Florida, Fort Myers Division.

March 15, 1990.

---

Bill Wagner, Wagner, Cunningham, Vaughan & McLaughlin, Tampa, Fla., for plaintiffs.

Hal Adams, Smoot, Adams, Johnson & Green, P.A., Fort Myers, Fla., for defendants.

## ORDER OF REMAND

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiffs' motion to remand, filed January 30, 1990, and response, filed March 14, 1990.

Statutes conferring diversity and removal jurisdiction should be strictly construed. *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). As to removal statutes they are strictly construed because: 1) the exercise of removal is in derogation of state sovereignty; 2) jurisdictional allega-

tions for removal are extremely simple for any lawyer to draft; 3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and 4) 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials. *Hill v. General Motors Corp.,* 654 F.Supp. 61 (S.D.Fla.1987); citing, *Richmond, F. and P.R. Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804 (E.D.Va.1981). All statutory requisites of diversity jurisdiction "must be alleged at least imperfectly in the original petition for removal; otherwise, the petition may not be amended after expiration of the 30-day period." *Richmond,* at 806.

The jurisdictional amount for removal of cases based on diversity of citizenship has been increased from $10,000.00 to $50,000.00, pursuant to 28 U.S.C. § 1332. The amendment to the jurisdictional amount became effective on or about May 18, 1989, prior to the filing of this petition for removal.

The petition for removal of this case fails to assert that the amount in controversy exceeds $50,000.00, exclusive of costs and interest, as is required. In fact the petition fails to make any allegations whatsoever regarding the amount in controversy.

Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants. Non-served defendants who are served after removal must join at that time, within thirty (30) days of receipt of the complaint. *Fellhauer v. City of Geneva,* 673 F.Supp. 1445 (N.D.Ill.1987).

The petition was filed by Defendant Wal–Mart Stores, Inc. on January 4, 1990. Defendant Regent Sports Corporation was served on or about January 2, 1990, two days prior to the filing of the petition for removal, but was not a signatory to the petition. Neither did the signatory allege consent of Defendant Regent to the removal.

Even assuming that Defendant Regent was not served at the time of the filing of

the petition, it had thirty (30) days from receipt of service of the complaint in which to join the petition and perfect the removal. No such joinder has been made by Defendant Regent, and the thirty (30) days allowed for joining the petition have elapsed. Accordingly, and for the reasons stated in this order, it is

ORDERED that the Clerk of the Court remand this cause to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.

DONE and ORDERED.