**Lynn T. NATHE, as Personal Representative of the Estate of David Lavon Tinsley, Plaintiff,**

v.

**John F. POTTENBERG, d/b/a J.P. Trucking, Myrna Elaine Horner, and Hartford Insurance Company of the Midwest, Defendants.**

No. 95–130–CIV–T–23E.

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 14, 1995.

P. Hutchison Brock, II, Schraer, Johnson, Auvil & Brock, P.A., Dade City, FL, for Lynn T. Nathe.

Gary Wayne Martin, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for John F. Pottenberg, Myrna Elaine Horner.

Winston T. Churchill, II, Tampa, FL, for Hartford Insurance Company of the Midwest.

## ORDER

MERRYDAY, District Judge.

Before the Court is the plaintiff's motion for remand (Doc. 11). The plaintiff ("Nathe") commenced this action in the Sixth Judicial Circuit Court for the State of Florida. Defendants John F. Pottenberg d/b/a/ J.P. Trucking ("Pottenberg") and Myrna Elaine Horner ("Horner") were served notice on or about January 14, 1995.[1] Defendant Hartford Insurance Company of the Midwest ("Hartford") was served by and through the State Insurance Commissioner (its statutory process agent) on January 19, 1995.

On January 30, 1995, Pottenberg and Horner filed a joint notice of removal (Doc. 1) in this Court. In the notice of removal, counsel for the removing defendants averred that "he has spoken with a representative of Hartford and has been advised that Hartford consents to the removal of this action." Counsel for the removing defendants signed the notice of removal on behalf of Pottenberg and Horner. The notice of removal contained neither the signature of a representative of Hartford nor any other documentation of Hartford's consent to removal.

On February 8, 1995, Hartford filed its answer and affirmative defenses (Doc. 6). Hartford's answer neither acknowledges nor expressly consents to the removal.

On February 22, 1995, Nathe filed a motion to remand (Doc. 11), claiming that the removal was ineffective because of Hartford's failure to sign the notice or otherwise affirmatively indicate its consent to removal. Nathe asserts that the removing defendants' statement that Hartford consented to removal was by itself an ineffective joinder in the motion. Nathe maintains that Hartford must have asserted its consent directly to the District Court on or before February 21, 1995.[2]

All three defendants filed a joint response to the motion to remand on March 2, 1995 (Doc. 14). The defendants contend that the removal was effective because Hartford joined in the removal by expressing its consent to the removing defendants' counsel, who in turn represented that consent to the Court. The defendants also maintain that Hartford implicitly indicated its consent to the removal by filing its answer and affirmative defenses in this Court.

28 U.S.C. § 1441 provides in part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

---

1. The parties dispute the exact date that Pottenberg and Horner were served. However, the resolution of that dispute is immaterial to this order, as the parties do not contest that Pottenberg and Horner were timely served and that their joint notice of removal was timely filed.

2. Nathe also argues that the removal is ineffective because the notice of removal fails to conform with the requirements of the Local Rules of the Middle District of Florida. This order does not address the Local Rules argument.

embracing the place where such action is pending.

■ The Eleventh Circuit interprets 28 U.S.C. § 1441 as requiring all defendants to consent to the removal of a civil action from state court to federal court. *In re Federal Sav. and Loan Ins. Corp.*, 837 F.2d 432, 434–435 & n. 2 (11th Cir.1988); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327–8 (5th Cir.1970). This requirement, often referred to as the rule of unanimity, is recognized in this District. *See, e.g., Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D.Fla. 1993) ("It is well-established that all defendants must join in removing a state court action to federal court."); *Crawford v. Fargo Mfg. Co.*, 341 F.Supp. 762, 763 (M.D.Fla. 1972) ("[I]t is clear that all defendants who have been served must join in the petition for removal.").[3]

■ A number of courts invoke the rule of unanimity to hold that a notice of removal that alleges the consent of all defendants but that is signed by fewer than all defendants does not constitute the necessary consent of all defendants within the meaning of 28 U.S.C. § 1446. *See, e.g., Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988); *Landman v. Borough of Bristol*, 896 F.Supp. 406, 408–09 (E.D.Pa.1995); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074, 1076–77 (E.D.Wis.1993); *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va.1993); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508–09 (E.D.Va. 1992); *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460, 461–62 (E.D.Mich.1990); *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987); *Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 124 (E.D.Mich.1984).

One case from this district, however, may suggest that if the signing defendant alleges the consent of codefendants to removal, joinder of all defendants is accomplished. *Jasper v. Wal–Mart Stores, Inc.*, 732 F.Supp. 104 (M.D.Fla.1990). In *Jasper,* one of two defendants filed a notice of removal. The removing defendant did not allege that the other defendant consented to the removal, and the nonmoving defendant did not join in the removal within the 30–day statutory limit. In granting the motion to remand, Judge Kovachevich stated that "all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants." *Jasper,* 732 F.Supp. at 105. The defendants in this action interpret *Jasper* as holding that an allegation of unanimous consent in a notice of removal is, by itself, sufficient to sustain the joinder of all defendants in the removal. However, the moving defendant in *Jasper* did not allege that the remaining defendant consented to removal. Therefore, *Jasper* did not decide the issue, and the statement relied on by the defendants is dicta.[4]

■ The Fifth Circuit's holding is persuasive:

But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record

---

**3.** In *Liebig,* Judge Kovachevich noted two exceptions to the rule that all defendants must join a notice for removal: "where additional defendants are 'purely nominal or formal' or where the additional defendants have not yet been served." *Liebig,* 814 F.Supp. at 1076 (citations omitted). Neither exception is applicable to this action.

**4.** The defendants also suggest that removal is supported by *Belasco v. W.K.P. Wilson & Sons,*

*Inc.,* 833 F.2d 277 (11th Cir.1987). The defendants' reliance on *Belasco* is misplaced. That decision does not address the circumstances surrounding the petition for removal. Rather, the focus is upon the "novelty, complexity, and technicality" of the federal preemption issues raised by the removal of a complicated ERISA action. *Belasco,* 833 F.2d at 282. This action raises no such issues.

to "bind" the allegedly consenting defendant.

*Getty Oil Corp.*, 841 F.2d at 1262 n. 11 (5th Cir.1988).[5]  Similarly the Eastern District of Wisconsin court has explained:

> Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.

*Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. at 1077.

■ To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30–day period prescribed in 28 U.S.C. § 1446(b).  In the notice of removal that is before the Court, each defendant did not join the removal within the required 30 days.  This defect in the removal notice is not cured by Hartford's later filing an answer.  *See Landman v. Borough of Bristol,* 896 F.Supp. at 409; *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. at 1077.

Upon consideration, the Court finds that the removal of this action is deficient because Hartford failed to timely join the removal. Accordingly, Nathe's motion to remand (Doc. 11) is **GRANTED.**  The Clerk is directed to remand this case to the Sixth Judicial Circuit Court for the State of Florida for all further proceedings.

ORDERED.

---

**5.** *Getty Oil* (as well as some of the other cases cited in this order) was decided before the 1988 amendments to 28 U.S.C. § 1446(a) required removing defendants to file a "notice of removal signed pursuant to Rule 11" rather than a "verified petition for removal."  However, this change in the type of papers required for removal does not affect the conclusion articulated in *Getty Oil* that to preserve the integrity of the district court proceedings, each defendant must state directly to the court its unequivocal and timely consent to removal.