Bennie MILES, Jr., individually; Darmeta Miles, individually; Bennie Miles, III, individually; Bennie Miles, IV, by and through his next friend and guardian Darmeta Miles; Mariah Hagler, by and through her next friend and guardian Darmeta Miles; Jasmine Hagler, by and through her next friend and guardian Darmeta Miles; Jonathon Hagler, by and through his next friend and guardian Darmeta Miles; and Nicolas Hagler, by and through his next friend and guardian Darmeta Miles, Plaintiffs

v.

Tim KILGORE, individually and in his official capacity as Project Director of the Walker County Narcotics Enforcement Team and Police Officer for City of Jasper; John Mark Tirey, individually and in his official capacity as Sheriff of Walker County, Alabama; Joe Filyaw, individually and in his official capacity as Police Chief of the City of Jasper, Alabama; Larry Cantrell, individually and in his official capacity as a Jasper Police Officer; and Mike Clark, individually and in his official capacity as a Jasper Police Officer; Defendants B, C, D and E being those who are officers, agents or employees of the Jasper Police Department who are responsible for inflicting the injuries suffered by the plaintiffs as set forth in the complaint below; Defendants F, G, H and I being those individuals who are officers, agents or employees of the Walker County Sheriff's Department who are responsible for inflicting the injuries suffered by the plaintiffs as set forth in the complaint below; Defendants J, K, L and M being those entities responsible for the training or hiring of defendants above named members of the Walker County Sheriff's Department and or the Jasper Police Department; Defendants N, O, P and Q, being those entities who participated in the organizing or planning of the "raid" on the plaintiffs' residence as alleged in the complaint; the true names of Defendants B–Q are unknown at this time but will be added by amendment when ascertained, Defendants.

Civil No. 96–HM–0801–J.

United States District Court, N.D. Alabama, Jasper Division.

June 5, 1996.

William J. Baxley, Stewart Davidson McKnight, III, Baxley Dillard Dauphin & McKnight, Birmingham, AL, Erskine R. Mathis, Mathis Harris & Sanford, Birmingham, AL, for plaintiffs.

James R. Shaw, Huie Fernambucq & Stewart, Birmingham, AL, Jerry Kern Selman, Selman & Selman, Jasper, AL, for Tim Kilgore, Joe Filyaw, Larry Cantrell, Mike Clark.

James R. Shaw, Huie Fernambucq & Stewart, Birmingham, AL, Kendrick E. Webb, Webb & Eley P.C., Montgomery, AL, for John Mark Tirey.

## MEMORANDUM OPINION

HALTOM, Senior District Judge.

The above-entitled state court civil action was commenced by and/or on behalf of the eight [8] Plaintiffs hereinabove identified in the case caption of this Order against the five [5] specifically identified law enforcement officers designated in the case caption hereof and against the sixteen [16] fictitious party defendants identified alphabetically as "B" through "Q", inclusive, via Plaintiffs' ORIGINAL COMPLAINT was filed in the Office of the Clerk of the Circuit Court of Walker County, Alabama on *February 21, 1996*.

This state court complaint consists of eighteen [18] introductory paragraphs numerically numbered as ¶¶ 1–18, inclusive, which are respectively realleged as the opening paragraph in succeeding Counts One through Four, inclusive.

### [CLASSIFICATION OF COUNTS ONE–FOUR, INCLUSIVE]

*Count One*: Unreasonable search of Plaintiffs' residence by defendant law enforcement officers in the nighttime under color of state law which deprived Plaintiffs of their constitutional rights under the 4th and 14th Amendments to the United States Constitution. Sued: Kilgore, Cantrell and Clark.

*Count Two*: Defendants Kilgore, Cantrell and Clark [and fictitious defendants B–I] negligently, recklessly or intentionally failed to make reasonable efforts to inform Plaintiffs of their identity as police officers [Defendants deliberately disguised their identity, wore black clothing and had their faces covered without any law enforcement identification which Plaintiffs could observe]. As a proximate consequence of Defendants' negligence Plaintiffs Jonathon Hagler and Bennie Miles, III were shot and injured. Sued: Kilgore, Cantrell and Clark.

*Count Three*: Prior to the raid on Plaintiffs' residence Defendants Tirey, Filyaw, Kilgore, Cantrell and Clark actively participated in the planning of the raid which was negligently planned. As a proximate consequence of Defendants' negligence, Plaintiffs were injured and damaged. *State law claim.* Sued: *Tirey*, Filyaw, Kilgore and Clark.

*Count Four:* The plan described in Count Three was devised under color of state law by said Defendants. As a proximate consequence thereof Plaintiffs' constitutional rights under the 4th Amendment to the United States Constitution were violated [word "violated" omitted, probably inadvertently]. Defendants' plan resulted in an unreasonable search of the Plaintiffs' residence under color of state law and deprived Plaintiffs of their constitutional rights under the 4th and 14th Amendments to the United States Constitution. Sued: Tirey, Filyaw, Kilgore, Cantrell and Clark in respective official and individual capacities.

### Prayer Common To All Counts

Plaintiffs demand judgment against defendants ... in an amount of compensatory and punitive damages [plus attorneys fee] to be determined by a jury.

### SERVICE OF PROCESS IN STATE COURT

All identified defendants were served with process in the above-entitled civil action on *February 26, 1996.*

### [PLEADING BY ALL DEFENDANTS IN STATE COURT EXCEPT DEFENDANT WALKER COUNTY SHERIFF JOHN MARK TIREY]

On *February 29, 1996* the Defendants Kilgore, Filyaw, Cantrell and Clark by and through their attorney of record, JERRY K. SELMAN of the Jasper, Alabama law firm of SELMAN & SELMAN, filed in the Office of the clerk of the Circuit Court of Walker County, Alabama and in this civil case their JOINT MOTION TO DISMISS, assigning three asserted grounds in support thereof. According to Attorney Selman's CERTIFICATE OF SERVICE attached thereto on February 29, 1996 he served a copy of the above-identified Motion "upon all parties or, when represented, upon their respective attorneys of record by hand delivery or by United States Mail." The name *"David McKnight, Esquire,* 2000 16th Avenue South, Birmingham, Alabama 35205" is typed underneath and to the left of Mr. Selman's signature on this Certificate of Service. Oth-

er documents in the present court file identify Attorney McKnight to be a member of the Baxley, Dillard, Dauphin & McKnight law firm of Birmingham, Alabama who appeared on the state court complaint as co-counsel for Plaintiffs in this case.

At the bottom portion of the February 29, 1996 MOTION TO DISMISS above-referenced which is in the court file of this case in this federal district court the following handwritten [in ink] entries appear which were obviously made by a Circuit Court Judge in and for the Circuit Court of Walker County, Alabama:

3/7/96

Motion Overruled

Defendant [sic] has ten days to file an Answer.

/s/ Signature Illegible

cc: J. Selman [Court Note: Attorney of record for all law enforcement Defendants except the Defendant Sheriff.] D. McKnight [Court Note: One of co-counsel for Plaintiffs.]

Under date of *March 15, 1996* the Defendants TIM KILGORE, individually and as a police officer for the City of Jasper, JOE FILYAW, individually and as a Police Chief for the City of Jasper, LARRY CANTRELL, individually and as a police officer for the City of Jasper, MARK CLARK, individually and as a police officer for the City of Jasper, filed in the Office of the Clerk of the Circuit Court of Walker County, Alabama and in Case No. CV 96–203 by and through their counsel of record, Jasper Attorney Jerry K. Selman, their joint ANSWER to PLAINTIFFS' original state court complaint which tersely asserted:

1. The Defendants deny each and every material allegation of the Plaintiffs' Complaint and demand strict proof thereof.

The CERTIFICATE OF SERVICE attached to this state court ANSWER signed by Mr. Selman and dated March 15, 1996 is identical in form and format to Attorney Selman's Certificate of Service with respect to the state court joint Motion To Dismiss filed by these same Defendants through Attorney Selman on *February 29, 1996.* Here

**1074**

again the name "David McKnight" with the same Birmingham address is typed on this Certificate of Service below and to the left of Mr. Selman's signature.

Under date of April 1, 1996, approximately fifteen [15] days after the Defendants Police Officer Kilgore, Police Chief Filyaw, Police Officer Cantrell and Police Officer Clark had filed in state court their ANSWER to Plaintiffs' state court complaint through Attorney Jerry K. *Selman of Jasper, Alabama on March 15, 1996 another ANSWER to Plaintiffs' state court complaint was filed in the Circuit Court of Walker County, Alabama on April 1, 1996 on behalf of Defendants Filyaw, Cantrell and Clark [but not for Defendant Kilgore] by Attorney James R. Shaw of the Birmingham, Alabama law firm of Huie, Fernambucq and Stewart with CERTIFICATE OF SERVICE attached thereto dated March 29, 1996 signed by Mr. Shaw certifying that he had mailed copy thereof to Attorneys William J. Baxley, David McKnight and to Attorney Jerry Selman of Jasper, Alabama.*

### [NOTICE OF REMOVAL]

On *March 27, 1996,* the 30th day from and following the service of process date in this case with respect to all Defendants, the Defendant WALKER COUNTY, ALABAMA SHERIFF JOHN MARK TIREY [sued in the above-entitled civil action in his respective official and individual capacities] filed in the Office of the Clerk of this United States District Court for the Northern District of Alabama, Jasper Division, his solo NOTICE OF REMOVAL with jurisdiction predicated under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.[1] Section "B" of this notice of removal document reads as follows:

B. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Therefore, this action is one which may be removed

to this Court pursuant to 28 U.S.C. § 1441. All Defendants consent to this removal.[1] Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 for all state law claims alleged in the Complaint.

*Court Note:* In a later part of this Memorandum Opinion this federal district court analyzes the four counts of Plaintiff's state court ORIGINAL COMPLAINT and determines and holds that the Defendant Madison County, Alabama Sheriff John Mark Tirey [the removing Defendant] is sued *only* in Courts Three and Four [along with other defendants]. Count Three, however, is a state law claim. Count Four is asserted under 42 U.S.C. § 1983 [by ruling of this Court] and alleges deprivation of Plaintiff's 4th and 14th Amendment rights under the United States Constitution.

*Notice of Removal Footnote:*

1. Defendants Tim Kilgore, Joe Filyaw, Larry Cantrell and Mike Clark through their counsel Jerry Selman have consented to this removal.

### [SECOND ANSWER TO COMPLAINT FILED IN STATE COURT]

Under date of *April 26, 1996* the Defendants Joe Filyaw, Jasper Police Chief, Tim Kilgore, police officer for the City of Jasper, Larry Cantrell, police officer for the City of Jasper, and Mike Clark, police officer for the City of Jasper, filed in the Office of the Clerk of this United States District Court and in the above-styled removed civil action by and through their original counsel of record, Attorney Jerry K. Selman of Jasper, Alabama *and* by and through their additional new counsel of record, Attorney James R. Shaw of Birmingham, Alabama who on *April 3, 1996* filed in the Office of the Clerk of the Circuit Court of Walker County, Alabama and in this case then pending in state court

1. 28 U.S.C. 1331 provides:
 The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
 28 U.S.C. 1343(a)(3) provides:
 (3) To redress the deprivation, under color of any State law, statute, ordinance, regula-

tion, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

an additional Answer to Plaintiffs' state court complaint on behalf of Defendants Police Chief Filyaw, Police Officer Larry Cantrell and Police Officer Mike Clark. *For some unknown reason* this particular ANSWER to Plaintiffs' complaint was not filed by Attorney James Shaw on behalf of Defendant Police Officer Tim Kilgore.

*Court Note:* On this *April 3, 1996* date hereinabove referenced the Defendants' state court ANSWER to Plaintiffs' state court complaint in CV–96–203 had been on file in the Office of the Clerk of the Circuit Court of Walker County, Alabama and on file in this civil case since March 15, 1996, a period of at least 18 days, [filed by Attorney Jerry K. Selman, original counsel of record for all Defendants in the above-entitled civil action *except Walker County Sheriff John Mark Tirey.* ]

## [ESTABLISHED PRINCIPLES OF REMOVAL LAW IN FEDERAL DISTRICT COURTS]

 It is well established that removal statutes are to be strictly construed against removal. Removal of civil cases to federal court infringes state sovereignty. This is a central concept of federalism. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Fitzgerald v. Seaboard System R.R., Inc.,* 760 F.2d 1249 (11th Cir.1985). The burden of proof is on the removing party to present facts establishing its right to removal. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir.

1996). In cases involving multiple defendants, courts have interpreted 28 U.S.C. § 1446(b) to require all served defendants to join in the removal.[2] See e.g., *Chicago, R.I. & P.R. Co. v. Martin,* 178 U.S. 245, 247–248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants Local 349,* 427 F.2d 325, 327 (5th Cir.1970) (citing *Martin*);[3] *Adams v. Aero Servs. Int'l, Inc.,* 657 F.Supp. 519, 521 (E.D.Va.1987); *P.P. Farmers' Elevator Co. v. Farmers Mut. Inc. Co.,* 395 F.2d 546 n. 2 (7th Cir.1968) (citing *Martin*); *In re Federal Savings & Loan Insurance Corp.,* 837 F.2d 432, 434, n. 1 (11th Cir.1988).

## [NO MOTION TO REMAND FILED BY PLAINTIFFS]

Although sixty-three [63] days have elapsed since the above-entitled civil action was purportedly removed to this United States District Court, Jasper Division, by Defendant Walker County, Alabama Sheriff John Mark Tirey with the purported consent of the Defendants Filyaw [Jasper Chief of Police], Jasper Police Officer Tim Kilgore, Jasper Police Officer Larry Cantrell and Jasper Police Officer Mike Clark given through their then state court counsel, Attorney Jerry K. Selman [see n. 1 on p. 1 of Notice Of Removal] no MOTION TO REMAND has been filed hereby by or on behalf of the Plaintiffs.[4]

 However, this Court here emphasizes that the fact that Plaintiffs have not filed

---

**2.** There are well recognized exceptions to this rule. A defendant need not join in if: (1) it is merely a nominal or formal party defendant, *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Ass'ts Local 349,* 427 F.2d 325, 327 (5th Cir.1970); (2) it had not been served with process at the time the removal notice was filed, *Katz v. Costa Armatori, S.p.A.,* 718 F.Supp. 1508, 1509 (S.D.Fla.1989); *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988); and (3) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c), *Alexander By Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1222 (M.D.Ala.1991).

**3.** The Eleventh Circuit has adopted as precedent all decisions by the former Fifth Circuit through

September 30, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981), *en banc.*

**4.** 28 U.S.C. § 1447 [Procedure after removal generally] provides in pertinent part as follows: (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any action expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

herein a motion to remand within 30 days after the filing of the Notice of Removal in the above-entitled civil action does not preclude this United States District Court from remanding this civil case *sua sponte* if at any time before final judgment it appears [to this Court] that the district court lacks subject matter jurisdiction. Moreover, subject matter jurisdiction of a federal district court can never be waived or conferred by the consent of the parties. *Latin American Property & Cas. Ins. Co. v. Hi–Lift Marina, Inc.*, 887 F.2d 1477 (11th Cir.1989). See *In Re Carter*, 618 F.2d 1093, 1100 (5th Cir.1980) (binding precedent). Furthermore, defects in subject matter jurisdiction may be raised at any time, by the parties or by the federal district court on its own motion, and may never be waived. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261 (9th Cir.1992). The subject matter jurisdiction of federal courts is limited by the Constitution and the Congress and cannot be expanded by judicial interpretation or by the acts or consent of the parties to a case. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951).

### *[RULE OF UNANIMITY]*

██ Although all defendants must join in the removal, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather 28 U.S.C. § 1446(a) requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty [30] day period following service of process. Because the filing requirements contained in 28 U.S.C. § 1446(a) are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or *officially* and unambiguously consents to, a removal petition within 30 days of service. *Adams*, 657 F.Supp. at 521 (E.D.Va.1987). This federal district court has previously held in other removal cases that although each defendant does not have to actually sign the notice of removal, the solemnity and formality of federal district court practice, 28 U.S.C. § 1446(a) and Rule 11(a), Fed.R.Civ.P., requires that there be some timely filed written

document evidencing either joinder in or consent to the removal from each served codefendant to the removal. Moreover, Rule 11, Fed.R.Civ.P., does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. *Creekmore v. Food Lion*, 797 F.Supp. 505, 508 (E.D.Va.1992). In the present case the law enforcement Defendants Kilgore, Filyaw, Cantrell and Clark were at the time of removal represented by Attorney Jerry K. Selman of Jasper, Alabama who had made general and unqualified appearances on behalf of these above-identified Defendants in the Circuit Court of Walker County, Alabama *in this case* and had filed for these Defendants both a Motion To Dismiss and an Answer to Plaintiffs' Complaint. Thus, the Police Chief and Police Officer Defendants hereinabove identified were "movants" subject to the requirement of Rule 11, Fed.R.Civ.P., and in conformity with subsection (a) thereof their attorney of record, Attorney Jerry K. Selman, had to sign in his individual name "[e]very pleading, written motion and other paper" filed in this case in the name and on the behalf of these four Jasper law enforcement Defendants. *And it is the square holding of this federal district court that the consent of these four Defendants to the removal of the above-entitled civil action by the Defendant Sheriff of Walker County, Alabama not only had to be in writing and timely filed, it had to be also signed by their counsel of record, Attorney Jerry K. Selman* [unless signed by them in their own proper person].

██ This United States District Court here holds that in a civil action where there are several served defendants the mere bald, unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal fails to constitute a sufficient consent to removal.

In the absence of binding precedent from the Supreme Court or from the Eleventh

Circuit[5] or from the former 5th Circuit with respect to this particular consent to removal issue *which literally leaps up from the court record in the above-entitled removal civil action,* this federal district court is fully persuaded that the Fifth Circuit Court of Appeals in *Getty Oil Div. of Texaco v. Ins. Co. of North Am.,* 841 F.2d 1254, at page 1262 and in n. 11 (5th Cir.1988) correctly states the law applicable to the particular "consent to removal issue" in the instant case n. 1 reads:

*841 F.2d at 1262 n. 11*

INA, the first defendant served, was served fifty-one days before NL filed its joinder and consent to removal. Nonetheless, the defendants-appellees argue that there is no real issue regarding the timeliness of NL's joinder because NL consented to removal when INA submitted the original removal petition on September 26, 1986, well before the expiration of the thirty-day limitations period. Citing *Brooks v. Rosiere,* 585 F.Supp. 351, 353 (E.D.La.1984), and *Albonetti v. GAF Corp.–Chemical Group,* 520 F.Supp. 825 (S.D.Tex.1981), they contend that in multiple defendant cases consent to removal is all that is required under section 1446, and since INA stated in the original petition that NL consented to removal, NL satisfied the statute's time requirements.

But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant. In the present case, nothing in the record, except INA's unsupported statement in the original removal petition, indicates that NL actually consented to removal when the original petition was filed. INA's removal petition alleged that NL had not been served and "therefore ... need not join the removal Petition," and that NL "do[es] not oppose and consent[s] to this Petition for Removal"; it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal. Accordingly, there was no adequate allegation or showing of NL's actual joinder in or consent to the original removal petition.

While the n. 11 principle of removal law [with respect to the consent to removal issue now being addressed by this Court] was probably not necessary to the rendition of the *Getty* decision, the view expressed by the *Getty* court in n. 11 of 841 F.2d at 1262 is also the view of the majority of courts on this particular issue which have considered and decided the consent to removal issue here presented.[6] Being thoroughly persuaded of

---

**5.** Scope Note 1 of *In Re Federal Sav. and Loan Ins. Corp.,* 837 F.2d 432 (11th Cir.1988) reads:

> In cases involving multiple defendants, all defendants must consent to removal under statute providing for removal from state court to district court of cases within the district court's subject matter jurisdiction. 28 U.S.C.A. § 1441(a).

*Court Note:* Since the first paragraph of this 11th Circuit opinion at p. 434 n. 2, second paragraph, states only that "In cases involving multiple defendants, all defendants must consent to removal under section 1441(a): and does not discuss the issue of how the required consent must be shown and evidenced [which is the pivotal issue in the instance case] this federal district court does not consider the above cited 11th Circuit opinion to be binding precedent *on the exact "consent to removal issue" here presented.*

**6.** See *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992); *Samuel v. Langham,* 780 F.Supp. 424, 427–428 (N.D.Tex.1992); *Jarvis v. FHP of Utah,* 874 F.Supp. 1253, 1254–55 (D.Utah 1995); *Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461–462 (E.D.Mich.1990) and cases cited therein; *Production Stamping Corp. v. Maryland Casualty,* 829 F.Supp. 1074, 1076–77 (E.D.Wis.1993); *Thompson v. Louisville Ladder Corp.,* 835 F.Supp. 336–338 n. 3, (E.D.Tex.1993); *Kuhn v. Brunswick Corp.,* 871 F.Supp. 1444 (N.D.Ga.1994); *Ogletree v. Barnes,* 851 F.Supp. 184, reconsideration denied, 1994 WL 193885 (E.D.Pa.1994); *Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F.Supp. 1236, 1237–38 (N.D.W.Va.1993); *Anne Arundel County, Md. v. United Pacific Ins. Co.,* 905 F.Supp. 277, 278–279 (D.Md.1995); *Moody v. Commercial Ins. Co. of Newark, N.J.,* 753 F.Supp. 198, 199–200 (N.D.Tex.1990); *Godman v. Sears Roebuck and Co.,* 588 F.Supp. 121, 124 (E.D.Mich.1984); *Ma-*

*Getty's* n. 11's correctness, this Court now adopts it and holds it to be "the law of this case" with respect to the particular consent-to-removal issue present in this case. Moreover, the treatment of this issue [in somewhat different language than *Getty* in its n. 11] by *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va.1992), is particularly good and quite persuasive:

Although all defendants must join in the removal, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather, section 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process. *E.g., Wilkins v. Correctional Medical Sys.*, No. 90–7155, 1991 WL 68791, at *2 n. 2, 1991, U.S.App. LEXIS 8279, at *4 n. 2 (4th Cir.1991) ("Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or *officially and unambiguously* consents to, a removal petition within 30 days of service.")

### ["CONSENT" FACTS IN PRESENT CASE]

■ The Defendants Kilgore, Filyaw, Cantrell and Clark, who were represented by Attorney Jerry K. Selman of Jasper, Alabama at the time Defendant Sheriff John Mark Tirey, represented by Attorney Kendrick E. Webb of Birmingham, filed his Notice of Removal in this case, did not sign such notice of removal document either in the own proper persons or by their counsel of record.

Section "B" of the Notice of Removal alleges in part: "*All Defendants consent to the removal.*"[1] Footnote 1 at the bottom of the second page of the Notice of Removal states: "*Defendants Tim Kilgore, Joe Filyaw, Larry Cantrell and Mike Clark through their counsel Jerry Selman have consented to this removal.*" The recitation here constitutes the sole and only "*evidence*" in the court record of the *purported consent* to Notice of Removal by the above-identified Police Chief and Police Officer Defendants. This Court construes this footnote 1 allegation to reasonably mean that Attorney Jerry Selman orally consented to Tirey's Notice of Removal on behalf of his clients, Kilgore, Filyaw, Cantrell and Clark ... an unacceptable and invalid consent.

For all the reasons hereinabove stated, the consent procedure followed by the removing Defendant in this case was wholly insufficient to evidence and constitute the consent of the Defendants Kilgore, Filyaw, Cantrell and Clark to the Defendant Sheriff's removal effort via his April 27, 1996 Notice of Removal. Consequently, it is the duty of this United States District Court under applicable law to forthwith remand the above-entitled civil action to state court *sua sponte* for lack of subject matter jurisdiction. An appropriate remand order will be entered contemporaneously with the entry of record of this MEMORANDUM OPINION.

[IF THIS FEDERAL DISTRICT COURT DETERMINES THAT THE PLAINTIFFS' ABOVE ENTITLED CIVIL ACTION CONTAINS EVEN ONE CLAIM THAT IS WITHOUT ITS ORIGINAL JURISDICTION UNDER 28 U.S.C.

---

son v. *Int. Business Machines, Inc.*, 543 F.Supp. 444–446 (M.D.N.C.1982) *See also Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir.1994) (To "join" a motion is to support it in writing, citing *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254 (5th Cir.1988)). *Mason v. Int. Business Machines, Inc.*, 543 F.Supp. 444–446 (M.D.N.C. 1982) *See also Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir.1994) (To "join" a motion is to support it in writing, citing *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254, 1262 n. 11). *Court Note:* The *Knickerbocker* court notes that some courts allow co-defendants to give oral consent to removal; however, this Northern District of Alabama federal district court has held in a number of unpublished consent to removal

decisions and now holds that a co-defendant's oral consent or its counsel of record's oral consent to a notice of removal is not a valid or acceptable compliance with 28 U.S.C. § 1446(a). This Court is aware that at least one federal district court in the Eleventh Circuit has determined that an allegation of a co-defendant's consent is sufficient joinder or consent. *See Jasper v. Wal–Mart Stores, Inc.*, 732 F.Supp. 104, 105 (M.D.Fla.1990). The language of this M.D.Fla. opinion, 732 F.Supp. at p. 105, reads as follows: "Additionally, all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants *or the signer must allege consent of all defendants.*"

§ 1441(a) [7] OR DOES NOT OTHERWISE COME WITHIN THE ORIGINAL OR SUPPLEMENTAL JURISDICTION OF THIS FEDERAL DISTRICT COURT (28 U.S.C. § 1367), THIS ACTION SHOULD NOT HAVE BEEN REMOVED FROM THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA FOR THE REASON THAT UNDER THE ABOVE DESCRIBED CIRCUMSTANCES THIS FEDERAL DISTRICT COURT LACKS ORIGINAL JURISDICTION OVER THIS CASE.]

On the same March 26, 1996 date on which the Defendant Sheriff of Walker County, Alabama JOHN MARK TIREY herein sued by Plaintiffs in his respective official and individual capacities filed in the Office of the Clerk of this United States District Court For The Northern District Of Alabama his NOTICE OF REMOVAL of this case predicated upon his assertion therein that ... *[t]his action is a civil action of which this Court has original jurisdiction under 18 U.S.C. § 1331 and 28 U.S.C. § 1343 and therefore this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441* ... the Defendant Sheriff John Mark Tirey also filed in the Office of the Clerk of this Court his MOTION TO DISMISS this action against him pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction assigning as grounds in support thereof, *inter alia,* as follows:

"COMES NOW" Defendant John Mark Tirey and moves this Court to dismiss this action against him pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. As grounds therefor, Defendant Tirey sets down and assigns the following:

1. In the Complaint, Plaintiffs allege federal and state law claims against this Defendant John Mark Tirey who is Sheriff of Walker County, Alabama, and Defendants Kilgore, Filyaw, Cantrell and Clark who are police officers for the City of Jasper. All allegations against Defendant Tirey relate to alleged assistance in planning a law enforcement raid on the Miles residence.

2. Plaintiffs' claims under 42 U.S.C. § 1983 against Defendant Tirey in his *official* capacity are due to be dismissed. As Sheriff of Walker County, Alabama, John Mark Tirey is an executive officer of the State of Alabama. Ala. Const. Art. V, § 112. Therefore, a suit against Sheriff Tirey in his official capacity is in essence a suit against the State of Alabama. *See Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991) (holding that a suit against a state official in his official capacity should be treated as a suit against the state); *see also, Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985).

a. Plaintiffs' claims under § 1983 against Sheriff Tirey in his official capacity are, therefore, due to be dismissed for lack of subject matter jurisdiction as such are barred by the Eleventh Amendment to the United States Constitution. *See Parker v. Williams,* 862 F.2d 1471, 1476 (11th Cir. 1989); *Free v. Granger,* 887 F.2d 1552, 1557 (11th Cir.1989); *see also, Dean v. Barber,* 951 F.2d 1210, 1215 n. 5 (11th Cir.1992); *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1525 (11th Cir.1990).

b. Further, Sheriff Tirey sued in his official capacity is not a "person" under § 1983 and, therefore, Plaintiffs' claims are due to be dismissed for failure to state a claim upon which relief can be granted. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Carr,* 916 F.2d at 1525 n. 3.

*Court Note:* This court observes that counsel of record for the Defendant Sheriff asserts in

---

7. 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

Section "A" of his *Notice Of Removal* at p. 2 thereof, lines 12–15, inclusive, as follows:

> In the Complaint, Plaintiffs state that as a result of Defendants' acts, their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated (See Complaint, Count One, ¶ 25; Count Four, ¶¶ 36 and 37).

> The Motion To Dismiss and Answer of Defendants' Tim Kilgore, Joe Filyaw, Larry Cantrell and Mike Clark filed in the Circuit Court of Walker County on *February 29, 1996* and *March 16, 1996,* respectively, are also attached. The Motion To Dismiss of Sheriff John Mark Tirey is being filed concurrently with this "Notice Of Removal."

### [ANALYSIS OF THE FOUR COUNTS OF PLAINTIFFS' COMPLAINT]

A more thorough analysis of each of the four counts in Plaintiffs' state court ORIGINAL COMPLAINT is now conducted by the Court for the principal purpose of this Court now ascertaining [hopefully with reasonable certainty] *the specific counts of Plaintiffs' Original Complaint in which the Defendant Walker County, Alabama Sheriff is sued as a defendant individually and in his official capacity and further ascertaining the specific claims for relief asserted therein.*

### [COUNT ONE]

Count One of Plaintiffs' ORIGINAL COMPLAINT (the only complaint in this case) does not contain a single allegation therein which refers to the Defendant Walker County, Alabama Sheriff by name or by title except for ¶ 10 thereof which is in a realleged form and format from ¶¶ 1–18, inclusive, and incorporated in Count One by ¶ 19 of Count One (19. Plaintiffs reallege paragraphs one through eighteen as if herein set forth).

¶ 10 of the realleged portion of Count One reads: "John Mark Tirey, at all times relevant to this lawsuit, was the Sheriff of Walker County, Alabama."

¶ 20 of Count One alleges: "On or about Friday, March 10, 1995, at or about 7:00 p.m. members of the Walker County Sheriff's Office, Walker County Commission Narcotics Enforcement Team, Jasper Police Department and Jasper Tactical Unit unlawfully, unconstitutionally, unreasonably and wrongfully entered the home of Bennie Miles, Jr. and Darmeta Miles."

¶ 24 of Count One makes allegations of wrongful conduct against Defendant City of Jasper Police Officers Larry Cantrell, Stewart Beasley [Beasley not sued as a defendant in this case], Mike Clark and Tim Kilgore, but does not mention or refer to Walker County, Alabama Sheriff John Mark Tirey.

¶ 25 of Count One in its opening words refers to *"said defendants (including fictitious defendants B–I)"* and thereupon alleges "conducted an unreasonable search of the plaintiffs' residence under color of state law and deprived plaintiffs' of their constitutional rights under the 4th and 14th Amendments to the United States Constitution." Preceding ¶ 24 alleges: "Thereafter Jasper Police Officers Sgt. Larry Cantrell, Stewart Beasley, Mike Clark and Tim Kilgore rammed the door of the plaintiffs' residence, burst into their home. Said defendants were dress [sic] in black clothing, with their faces covered and without any identification which plaintiffs could observe." Given these above quoted ¶ 24 allegations, when in succeeding ¶ 25 the pleader uses the first two words "Said defendants ..." the reasonable meaning of these two ¶ 25 words is that Plaintiffs are here referring to the four [4] Jasper Police Officer Defendants identified and referenced in preceding ¶ 24. Moreover, the Count One prayer for relief alleges: "... plaintiffs demand judgment against defendants Kilgore, Cantrell, Clark and fictitious defendants B–I in an amount of compensatory and punitive damages ... to be determined by a jury."

Upon careful consideration of Count One of Plaintiffs' state court ORIGINAL COMPLAINT, as presently pled, this Court is of the opinion and holds that the Defendant Sheriff of Walker County, Alabama John Mark Tirey *IS NOT* sued as a Defendant in any capacity in Count One of Plaintiffs' complaint in this case.

[COUNT TWO]

Since Count Two of Plaintiffs' state court ORIGINAL COMPLAINT is only comprised of four short paragraphs and a prayer for relief [with exception of realleged ¶¶ 1–18, inclusive, which except for ¶ 10 thereof are not particularly relevant to the issue now being addressed by the Court] the Court here set out COUNT TWO in verbatim form and format, with exceptions noted:

26. Plaintiffs reallege paragraphs one through twenty five above as if herein set forth.

27. Defendants Kilgore, Cantrell and Clark (and fictitious defendants B–I) negligently, recklessly or intentionally failed to make reasonable efforts to inform plaintiffs of their identity as police officers.

28. Furthermore, said defendants deliberately disguised their identify from the plaintiffs and provided the plaintiffs no reason to know the defendants' affiliation with law enforcement.

29. As a proximate consequence of defendants' negligence plaintiffs Jonathon Hagler and Bennie Miles, III were shot and injured.

WHEREFORE, plaintiffs demand judgment against defendants, including fictitious defendants, in an amount of compensatory and punitive damages to be determined by a jury.

Plaintiffs' use of the word "defendants" in their Count Two prayer for relief must be reasonably construed with the other parts of this particular claim for relief, that is ¶¶ 1–25, inclusive [realleged paragraphs with on ¶ 10 thereof describing the. Defendant John Mark Tirey as the Sheriff of Walker County, Alabama at all times relevant to this lawsuit] and ¶¶ 31–33, inclusive, above set out verbatim. So construing Count Two as now pled, it is the opinion and holding of this Court that the word "defendants" appearing in the prayer for relief of Count Two does not refer to or include the Defendant Sheriff of Walker County, Alabama and that the Defendant Sheriff of Walker County, John Mark Tirey *is not* sued in any capacity as a Defendant in Count Two of Plaintiffs' state court ORIGINAL COMPLAINT.

[COUNT THREE]

Count Three of Plaintiffs' state court ORIGINAL COMPLAINT is essentially. structured from a pleading standpoint the same as Count Two. ¶ 30 thereof realleges ¶¶ 1–29, inclusive, *with only ¶ 10 thereof generally describing the Defendant Sheriff of Walker County, Alabama John Mark Tirey as serving in that office at all relevant times.* ¶¶ 26–29, inclusive, being the realleged paragraphs of Count Two, deserve no special attention or treatment in this analysis. Turning now to the principal paragraphs of Count Three, being ¶¶ 30–33, inclusive, these particular paragraphs and the Count Three prayer for relief read as follows;

30. Plaintiffs reallege paragraphs one through twenty nine above as if herein set forth.

31. Prior to the aforementioned raid on plaintiffs residence, defendants *Tirey,* Filyaw, Kilgore, Cantrell, Clark (and fictitious defendants N, O, P, and Q) actively participated in the planning on the raid. *Court Note: The name of the Walker County, Alabama Sheriff is expressly stated in ¶ 31.*

32. *These defendants negligently planned the raid. Court Note:* ¶ 32 obviously includes the Defendant Walker County, Alabama Sheriff.

33. *As a proximate consequence of defendants negligence,* plaintiffs were injured and damaged. Said injuries include physical injuries, emotional damage and mental anguish.

WHEREFORE, plaintiffs demand judgment against *defendants,* including fictitious defendants, in an amount of compensatory and punitive damages to be determined by a jury.

Upon consideration of Count III of Plaintiffs' state court ORIGINAL COMPLAINT, it is the opinion and holding of this Court that the Defendant Sheriff of Walker County, Alabama John Mark Tirey *is* sued as a Defendant in this Count III *state law claim* in his respective official and individual capacities.

[*COUNT FOUR* ]

Count IV of Plaintiffs' state court ORIGI-NAL COMPLAINT reads verbatim as follows:

34. Plaintiffs reallege paragraphs one through thirty three above as if herein set forth.

35. The plan aforementioned in Count Three above was devised under color of state law by said defendants. *Court Note:* Count Three alleges that the "plan" was devised by the Defendant Walker County, Alabama Sheriff and the law enforcement Defendants.

36. As a proximate result *of these defendants actions,* plaintiffs constitutional rights under the 4th Amendment to the United States Constitution.

37. Said defendants plan resulted in an unreasonable search of the plaintiffs' residence under color of state law and deprived plaintiffs of their constitutional rights under the 4th and 14th Amendments to the United States Constitution.

WHEREFORE, *plaintiffs demand judgment against defendants,* including fictitious defendants, in an amount of compensatory and punitive damages (plus interest and attorney fees) to be determined by a jury.

Upon consideration of Count Four of Plaintiffs' state court ORIGINAL COMPLAINT, it is the opinion and holding of this Court that the Defendant Sheriff of Walker County, Alabama is sued as a Defendant in this Court Four claim in his respective official and individual capacities and that Count Four must be and hereby is construed by this Court as asserting against the Defendants therein sued, including the Walker County, Alabama Sheriff Defendant, an awkwardly pled federal law claim for relief alleging a deprivation by Defendants while acting under color of state law of Plaintiffs' constitutional rights under the 4th and 14th Amendments to the United States Constitution which this Court treats and considers as if alleged in such count to be brought under and pursuant to 42 U.S.C. § 1983.

\* \* \* \* \* \*

■ This federal district court is of the opinion and holds on the basis of a review and analysis of Plaintiffs' state court ORIGI-NAL COMPLAINT herein and applicable law that such ORIGINAL COMPLAINT, including the case caption thereof, satisfactorily evidences and shows with reasonable certainty that the Defendant Sheriff of Walker County, Alabama John Mark Tirey is sued as a Defendant in both his official and individual capacity in Count Four of that complaint which civilly charges all Defendants sued thereunder pursuant to 42 U.S.C. § 1983 [8] with violating Plaintiffs' constitutional rights under the 4th and 14th Amendments to the United States Constitution by and through the described plan, for a nighttime raid on Plaintiffs' residence alleged to have been devised by them *and* their subsequent nighttime actions taken thereafter implementing their planned nighttime raid of Plaintiffs' residence, *at all times relevant acting under color of state law.* While the Defendant Walker County, Alabama Sheriff is also sued as a Defendant in his respective official and individual capacities in Count Three of Plaintiffs' ORIGINAL COMPLAINT, Count Three is clearly a state law claim.

[THE ELEVENTH AMENDMENT IS A BAR TO FEDERAL DISTRICT COURT JURISDICTION OVER COUNT FOUR OF THE ABOVE–ENTITLED CIVIL ACTION [9] AGAINST DEFENDANT WALKER COUNTY, ALABAMA SHERIFF JOHN MARK TIREY IN HIS OFFICIAL CAPACITY [10] IN WHICH

---

8. Count IV of Plaintiffs' state court ORIGINAL COMPLAINT *does not* assert that the claim or claims for relief therein asserted by Plaintiffs predicated on Defendants' alleged violation of Plaintiffs' 4th and 14th Amendment rights under the United States Constitution is brought under and pursuant to 42 U.S.C. § 1983. *However, this federal district court is also treating and considering Count IV as if the requisite 42 U.S.C. § 1983 allegation was in fact made in that count by Plaintiffs.*

9. Which is predicated on 42 U.S.C. § 1983 and alleges deprivations by this official capacity Alabama Sheriff of Plaintiffs' 4th and 14th Amendment rights under the United States Constitution while acting under color of state law.

10. And any other count or counts of Plaintiffs' state court original complaint against Sheriff Tirey in his official capacity which can be fairly and reasonably construed to be likewise predicated on 42 U.S.C. § 1983 and alleged deprivations by

PLAINTIFFS' CLAIM RETROACTIVE MONETARY DAMAGES AGAINST THIS ALABAMA SHERIFF IN HIS OFFICIAL CAPACITY BUT CLAIM NO PROSPECTIVE INJUNCTIVE RELIEF. THESE FACTS PRECLUDE THIS OFFICIAL CAPACITY ALABAMA SHERIFF FROM REMOVING THE ABOVE–ENTITLED CIVIL ACTION TO THIS FEDERAL DISTRICT COURT UNDER 28 U.S.C. § 1441(a), WHICH PRESUPPOSES ORIGINAL FEDERAL COURT JURISDICTION OVER REMOVED CIVIL ACTIONS]

Under *Frances J. v. Wright*, 19 F.3d 337, 340 (7th Cir.1994) and *Gorka v. Sullivan*, 82 F.3d 772 (7th Cir.1996), No. 95–3170, 5/6/96, 64 LW 2719, 5/21/96 [11] both of which are thoroughly persuasive on the issue here addressed, and which this federal district court chooses to follow in the absence of binding precedent of the Supreme Court,[12] 11th Circuit or the former 5th Circuit, this United States District Court For The Northern District of Alabama holds that Count Four of Plaintiff's state court original Complaint against this Alabama Sheriff Defendant in his official capacity was and is jurisdictionally barred from federal court by the State of Alabama's sovereign immunity. Therefore, as a consequence of 28 U.S.C. § 1441(a) and under *Frances J. v. Wright* and *Gorka v. Sullivan, supra*, the whole action could not be removed to federal court because this case was beyond the removal jurisdiction of the federal courts.

The facts of the *Frances J.* case rendered by the Seventh Circuit on March 21, 1994 (rehearing denied May 3, 1994) are these:

Public guardian, who had been appointed to direct the legal affairs of elderly persons who suffered from Alzheimer, dementia, or organic brain syndrome dysfunctions, filed suit in state court to obtain home health care benefits provided by the Illinois Department of Aging (IDOA). State officials removed to federal court. The United States District Court for the Northern District of Illinois, Charles P. Kocoras, J., dismissed for failure to state a claim. Appeal was taken. The Court of Appeals, Flaum, Circuit Judge, held that: (1) an action that contains claims barred by sovereign immunity, whether rooted in the Eleventh Amendment or in the *Hans* doctrine that bars a federal court from hearing claims by citizens against their home states, cannot, in whole or in part, be removed from state court as an action within district court's original jurisdiction; (2) the fact that Illinois consented to suits in its own courts did not waive its immunity against suits by its citizens in federal court seeking retrospective or monetary relief; and (3) the fact that state officials sought removal did not amount to a waiver of immunity.

The following language of the *Frances J.* case, commencing at p. 341 of 19 F.3d and ending at the top of p. 342 explains its holding:

█ We note that while our holding today is compelled by the text of § 1441(a), it is not without policy support. As the Supreme Court has taught from early in this Nation's history—state courts are competent and capable to decide those federal questions that, as under § 1441(a), would not be removable to a federal forum. *See Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 4 L.Ed. 97 (1816). Since the Constitution's framers specifically chose to make the creations of lower federal courts optional, *see* U.S. Const. Art. III, had Congress decided not to exercise

---

this official capacity Alabama Sheriff of Plaintiffs' 4th and 14th Amendment rights under the United States Constitution while acting under color of state law. Counsel of record for the removing Defendant is evidently also of the opinion that the Defendant Walker County Sheriff [sued in both his original and individual capacities] is also sued as a Defendant in both Count III and Count IV of Plaintiffs' state court Original Complaint.

**11.** See the expansive view of sovereign immunity recently taken by the United States Supreme

Court in *Seminole Tribe of Florida v. Florida*, ——— U.S. ———, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

**12.** In the *Gorka* case the Indiana defendants removed the case alleging that the district court had original federal question jurisdiction over plaintiffs' claims for violation of federal law pursuant to 28 U.S.C. § 1331 and § 1343. A similar allegation appears in the Notice of Removal filed in this case by the Defendant Alabama Sheriff.

that option, state courts would necessarily act as the initial forum for the adjudication of nearly all federal questions. Today, as a general matter, state courts still have jurisdiction concurrent with that of lower federal courts to hear suits arising directly under federal law. *See Stone v. Powell,* 428 U.S. 465, 493 n. 35, 96 S.Ct. 3037, 3051 n. 35, 49 L.Ed.2d 1067 (1976). Since state courts have the power to adjudicate such federal questions, preventing a defendant from splitting a single case into two, one state and the other federal, furthers judicial economy. In any event, whatever the policy behind Congress-es' language in § 1441(a), when applying a statute "we assume that the statute's operative words carry the plain meaning within their context." *Oberg v. Allied Van Lines, Inc.,* 11 F.3d 679, 683 (7th Cir.1993); *see also Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 ("When the words of a statute are unambiguous, then, this first cannon is also the last: 'judicial inquiry is complete.' "). As we read § 1441(a), a defendant cannot remove an action if it contains any claim that is barred by a state's sovereign immunity.

The essential holding of the *Gorka v. Sullivan* case decided by the Seventh Circuit on May 6, 1996 is as follows:

Eleventh Amendment bar to federal court jurisdiction over suits against states or state officers in their official capacity precludes such defendants from removing suit that includes both state and federal claims under 28 USC 1441(a), which presupposes original federal court jurisdiction over removed suits.

An interesting response by the Seventh Circuit in *Gorka* also appears on 82 F.3d 772 in the form and format of two short paragraphs, *viz:*

On appeal, plaintiffs argue that recent decisions, including *Frances J. v. Wright,* 19 F.3d 337 (CA 7 1994), compel the conclusion that the entire case should have been remanded. We agree. Were there any doubts about the law or the policy underpinnings of that decision, they should be laid to rest by the expansive view of sovereign immunity recently taken by the U.S. Supreme Court in *Seminole Tribe of Florida v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252

(1996). In that case the doctrine was seen as a bar, not just on the courts, but in fact on Congress' power to abrogate a state's sovereign immunity.

The Eleventh Amendment, by its own terms, prevents the exercise of federal jurisdiction over suits against a state brought by citizens of another state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), determined that a citizen of a state may not prosecute a suit against his own state in federal court. The debate on the propriety of that holding is spread throughout *Seminole Tribe.* The doctrine survives unscathed.

For the additional reasons hereinabove stated the entire above-entitled civil action is due to be *sua sponte* remanded because this case was not within the original jurisdiction of this federal court. An appropriate order of remand will be contemporaneously entered with the entry of record of this MEMORANDUM OPINION.

### ORDER

In conformity with MEMORANDUM OPINION contemporaneously entered in the above-entitled removed civil action, it is

ORDERED and ADJUDGED sua sponte that the above-entitled civil action is hereby REMANDED to the Circuit Court of Walker County, Alabama from whence it was removed for lack of subject matter jurisdiction *and* for the reason that this case when it was removed was not within the original jurisdiction of this federal court. And it is further

ORDERED that the Clerk of this Court is DIRECTED to forthwith mail certified copy of this remand order to the Clerk of the Circuit Court of Walker County, Alabama together with certified copies of all pleadings filed in this federal district court by the party litigants subsequent to removal.

This Court expressly declines to require the Defendant Walker County, Alabama Sheriff John Mark Tirey [the removing Defendant] to pay just costs and any actual expenses, including attorneys fees, incurred by Plaintiffs as a result of the removal as

authorized by 28 U.S.C. § 1447(c), third sentence thereof.

DONE and ORDERED.