Zezar M. HOLDER; Glenda Holder; Santerri Holyfield; Melody Cook, by and through her next friend Glenda Holder; Princess Holyfield, by and through her next friend Glenda Holder, Plaintiffs,

v.

The CITY OF ATLANTA; Kerrick A. Ward, individually and in his official capacity as an officer of the Atlanta Police Department; Rodney L. Brinkley, individually and in his official capacity as an officer of the Atlanta Police Department; Richard B. Light, individually and in his official capacity as an officer of the Atlanta Police Department; Outhai Keovongkot, individually and in his official capacity as an officer of the Atlanta Police Department, Defendants.

Civil Action No. 1:96–cv–193–FMH.

United States District Court, N.D. Georgia, Atlanta Division.

April 16, 1996.

---

Stephen Thomas LaBriola, David C. Keating, Fellows Johnson Davis & LaBriola, Atlanta, GA, for Plaintiffs.

Overtis L. Hicks Brantley, Elizabeth Taylor Marinelli, Rolesia D. Butler, Office of Atlanta City Attorney, Atlanta, GA, for City of Atlanta.

Donald English, Office of Donald C. English, Atlanta, GA, for Individual Defendants.

## *ORDER*

HULL, District Judge.

This civil rights action is before the Court on Plaintiffs' Motion to Remand [3–1] and Plaintiffs' Motion to Exclude Defendants' Concurrence of Removal [8–1].

### I. *FACTS*

Plaintiffs originally filed this lawsuit in the State Court of Fulton County, Georgia on December 22, 1995. Defendant City of Atlanta was served on December 27, 1995. Defendant Brinkley was served on January 2, 1996. Two days later on January 4, 1996, Defendant Ward was served. On January 25, 1996, Defendant Keovongkot was served. On January 29, 1996, Defendant Light was served.

On January 26, 1996 (after all Defendants except for Defendant Light were served), Defendant City of Atlanta filed its notice of removal. No other Defendant consented to removal at that time. On January 31, 1996, all of the individual Defendants filed their answers in the State Court of Fulton County. Subsequently, on February 9, 1996, the individual Defendants filed answers in this Court. On February 16, 1996, Plaintiffs filed this Motion, challenging removal based upon the individual Defendants' failure to consent to removal. On February 21, 1996, the individual defendants filed their formal concurrence with Defendant City of Atlanta's notice of removal, stating that their consent had "previously been manifested to this Court by way of Defendants' Answers and Counterclaims filed in this Court on February 9, 1996." (Defendants' Concurrence Of Removal [4–1], at 2).

### II. *REMOVAL OF A STATE COURT ACTION*

Under 28 U.S.C. § 1446, a defendant has thirty days, after receipt of the complaint, to file its notice of removal. 28 U.S.C. § 1446(b). "All named defendants must consent to or join the petition for re-

moval." *Kuhn v. Brunswick Corp.*, 871 F.Supp. 1444, 1446 (N.D.Ga.1994). "Defendants must express this unanimity to the court within the thirty day period." *Id.* Furthermore, "[r]emoval is a purely statutory right ... [and] a court should strictly construe removal statutes in favor of state court jurisdiction." *Id.*

█ In this action, Defendant City of Atlanta was served on December 27, 1995. Within thirty days from December 27, 1995, Defendant City of Atlanta filed its notice of removal. None of the individual Defendants, however, joined in or consented to Defendant City of Atlanta's removal notice. Indeed, four days after Defendant City of Atlanta sought to remove this action, all individual Defendants filed their answers in state court.

Not until February 9, 1996 did the individual Defendants evince any sign of consenting to Defendant City of Atlanta's removal, by filing their answers in this Court. And, only on February 21, 1996, did the individual Defendants clearly consent to Defendant City of Atlanta's attempt to remove this action. Because the Court concludes that the individual Defendants failed to consent to the removal of this action within the statutory thirty days, the Court finds Defendant City of Atlanta's attempted removal is defective.

First, Defendants failed to consent formally to removal until February 21, 1996, when they filed their "Notice of Concurrence of Removal." Prior to filing their formal agreement to the removal of this action, Defendants filed their answers in state court on January 31, 1996 and then filed in this Court on February 9, 1996.

█ Defendants argue that filing their answers in this Court demonstrates their consent to removal; yet, Defendants' answers are silent on their consent to removal. A defendant's answer that is silent on whether the defendant consents to removal does not constitute proper consent. *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga. 1985) (defendant's answer is not significant where it is silent on issue of consent to removal). The Court finds the individual defendants did not consent to removal until February 21, 1996, which is more than thirty

days after Defendant City of Atlanta was served and more than thirty days after Defendants Brinkley and Ward were served. Thus, Defendant City of Atlanta's attempt at removal is defective.

█ Even considering Defendants' filing of their answers on February 9, 1996 as a sufficient indication of their consent to removal, this assumed consent was thirty-eight days after Defendant Brinkley was served and thirty-six days after Defendant Ward was served. Thus, Defendant City of Atlanta's notice of removal is still defective because all served Defendants did not consent to the removal within thirty days of service upon the first Defendant, i.e. City of Atlanta. *See Kuhn*, 871 F.Supp. at 1447. Additionally, two of the non-consenting Defendants, Brinkley and Ward, were served more than thirty days before they answered on February 9, 1996. Thus, even measuring the thirty day period for removal from the date Defendants Brinkley and Ward were served, the Court finds they failed to consent within the thirty day period provided for in 28 U.S.C. § 1446(b). Moreover, Defendants Keovongkot and Light, as the last served Defendants, cannot remove this action and obtain the tardy consents of Defendants Brinkley and Ward. The time for consenting to removal has passed, and the later service upon Defendants Keovongkot and Light does not start anew the thirty day period under § 1446(b). *See Kuhn*, 871 F.Supp. at 1447 (once defendant allows thirty day removal window to elapse, he or she cannot consent to removal by a subsequently served defendant).

█ Defendants also argue that the untimeliness of their removal notice does not *mandate* remand. Rather, remand based on a defect in the removal procedure is within the discretion of the Court. The Court agrees that an untimely removal notice does not require remand without any possibility for retention by the federal court, but notes that, absent waiver of the timeliness objection, the district court, in most cases, should remand an action that is removed improperly. *Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir.1985).

In a case very similar to this one, Judge Evans of this Court remanded an improperly removed action where a previously served defendant failed to consent to the removal of the action within thirty days of the date the service was completed upon him. *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga.1985). In reaching her decision, Judge Evans noted that the non-consenting defendant did not indicate his consent when the other defendants filed a removal petition, that his answer filed in federal court was silent on the issue of consent to removal, and that his answer was filed outside of the thirty day period. *Clyde*, 609 F.Supp. at 217–18.

The facts in this case are similar. Defendant City of Atlanta did not obtain the consent of any of the individual defendants before filing its removal petition. As of January 31, 1996, the individual Defendants were proceeding in state court. The earliest the individual Defendants could be deemed to have consented is February 9, 1996, when they filed their answers in this Court. But February 9, 1996 is more than thirty days after Defendant City of Atlanta is served and is more than thirty days after Defendants Brinkley and Ward were served.

■ Under these facts, the Court finds that there is a defect in the removal process. The Court also finds, in its discretion, that remand is proper because Defendant City of Atlanta's attempted removal is due to the lack of consent from other defendants who are police officers working for the City of Atlanta. This is not a case where the defendants could not communicate with one another. Moreover, nothing in the record suggests that the failure to obtain the individual Defendants' consent should be excused for good cause. Compare *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F.Supp. 560, 562–63 (C.D.Cal.1988) (where non-consenting defendant answered *within* thirty day period for removal, the court exercised its discretion and found that announcing formal notice of consent to remove one day after thirty day removal period expired was excusable) *with Clyde*, 609 F.Supp. at 218 (lack of consent required remand where non-consenting defendant's answer was filed *after* thirty

day period expired and was silent on issue of removal). The Court remands this action to state court.

## III. *CONCLUSION*

Plaintiffs' Motion to Remand [3–1] is **GRANTED.** Plaintiffs' Motion to Exclude Defendants' Concurrence of Removal [8–1] is **DENIED** as moot. The Court **REMANDS** this action to State Court of Fulton County, Georgia.

**SO ORDERED.**