# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3361

_____

| | | |
|---|---|---|
| Marano Enterprises of Kansas; Bruce Marano; Leon J. Marano, | * * * | |
| Plaintiffs - Appellants, | * * | |
| v. | * * | Appeal from the United States District Court for the |
| Z-Teca Restaurants, L.P.; Z-Teca Corporation; Anthony Miller; David Rowe; Franchise Development Corporation, | * * * * * | Western District of Missouri. |
| Defendants - Appellees. | * | |

_____

Submitted: March 27, 2001

Filed: June 25, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Marano Enterprises of Kansas, Bruce Marano, and Leon J. Marano (collectively, Marano) appeal from the judgment of the District Court[1] denying their motion to

_____

[1]Honorable Fernando J. Gaitan, United States District Court for the Western District of Missouri.

remand this removed action to state court and granting the motion to dismiss filed by Z-Teca Restaurants, L.P.; Z-Teca Corp.; Anthony Miller; Daniel Rowe; and Franchise Development Corp. (collectively, Z-Teca). We affirm.

## I.

Marano filed suit in state court in Jackson County, Missouri, against Z-Teca alleging fraud, constructive termination, and breach of contract in connection with franchise and development agreements. Two of the defendants were served on February 1, 2000, and two were served on February 3, 2000. On March 3, 2000, thirty-one days after the February 1 service but twenty-nine days after the February 3 service, all five defendants (including Anthony Miller, who had not yet been served) jointly filed a notice of removal in the United States District Court for the Western District of Missouri. Marano sought remand to the state court, maintaining that the notice was untimely as it was not "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (1994). The District Court surveyed the law, determined that the better-reasoned position was the minority view among the courts at the time, and held that each defendant was entitled to thirty days after service within which to file a notice of removal, providing that all defendants joined in the notice.[2] Marano appeals, arguing that, because § 1446(b)'s reference to "the defendant" really means the first-served defendant, Z-Teca's notice of removal was untimely. We review this question of law de novo.

---

[2]Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded. Chicago, Rock Island, & Pac. Ry. v. Martin, 178 U.S. 245, 251 (1900); Bradley v. Md. Cas., Co., 382 F.2d 415, 419 (8th Cir. 1967).

The position Marano advocates is articulated in the Fifth Circuit's opinions in Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254 (5th Cir. 1988), and Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986).  Under the so-called first-served rule, service upon the first of multiple defendants starts the § 1446(b) thirty-day clock running.  If all then-served defendants do not join a notice of removal within that thirty-day period, no defendants served after the first-served, regardless of when they are served, may remove a state action to federal court even if they file a notice (joined by all defendants) within thirty days of being served themselves.

According to the Brown court, "The rule follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court."[3]  792 F.2d at 482.  As the court elaborated in Getty, "[S]ince all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."  841 F.2d at 1263.  The Getty court opined that later-served defendants would suffer no "undue hardships" as a result of removal by an earlier-served defendant because they "may still either accept the removal or exercise [their] right to choose the state forum by making a motion to remand."  Id.  The court did not consider, however, the "hardships" to a defendant when the first-served defendant for whatever reason does *not* file a notice of removal within thirty days of service.  Later-

---

[3]In Brown, the plaintiff served the last defendant, the one that sought to remove the case, more than four years into the litigation.  The court thought that the unfairness to plaintiffs in allowing removal outweighed any unfairness to the defendant that was not allowed thirty days after service within which to remove:  "To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit."  792 F.2d at 482.  But it was the responsibility of the plaintiff to identify—and to serve—*all* the defendants.  If a plaintiff does not get that done until the case has been litigated for four years, then the unfairness is arguably to the last-served defendant who is not allowed thirty days to remove the case, not to the plaintiff.

served defendants would not be afforded the opportunity to attempt to persuade their co-defendants to join a notice of removal if more than thirty days had passed since the first defendant was served.[4]

The purported minority position was articulated by the Sixth Circuit in <u>Brierly v. Alusuisse Flexible Packaging, Inc.</u>, 184 F.3d 527 (6th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1076 (2000).  In that case, the first-served defendant, a corporation, filed a notice of removal, but the case was remanded to state court because the defendant failed to prove diversity among all the parties (the other named defendant, an individual, could not be located).  When the second defendant was located and served, he attempted to remove the case within thirty days of service on him, but long after the corporate defendant's thirty-day limit on removal had run.  The court held that fairness and proper statutory construction required "that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants."  184 F.2d at 533.[5]

---

[4]The Fourth Circuit has held that § 1446(b) gives "individual defendants . . . thirty days from the time they are served with process or with a complaint to join in an *otherwise valid* removal petition."  <u>McKinney v. Bd. of Trs. of Mayland Cmty. Coll.</u>, 955 F.2d 924, 928 (4th Cir. 1992) (emphasis added).  This position is fully in keeping with the first-served rule:  it still requires that the first-served defendant file a notice of removal within thirty days and precludes a later-served defendant from instigating removal if more than thirty days have passed since the first defendant was served.

[5]Marano contends that <u>Brierly</u> is distinguishable because the first-served defendant had attempted to remove within thirty days of being served.  The court made no reference to this fact in coming to its conclusion.  Indeed, the first-served defendant's failed attempt to remove actually raised a question whether that defendant could then consent to the later notice of removal, it being suggested that the first-served defendant had waived not only its individual right to remove, but also any right it had to join a notice of removal filed by a later-served defendant.  The court concluded "that a first-served defendant can consent to a later-served defendant's removal petition,

Having examined the cases in this area of the law, we must say that we find neither position particularly compelling, as both are susceptible to abuse and have potential to create inequities. We are convinced, however, that the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). In Murphy Bros., the defendant was faxed a courtesy copy of the complaint but was not officially served until two weeks later. The defendant removed the case to federal court within thirty days of service but more than thirty days after receiving the faxed copy of the complaint. The question before the Court was "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run." 526 U.S. at 347.

The Court held that formal process is required, noting the difference between mere notice to a defendant and official service of process: "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. Thus, a defendant is "required to take action" as a defendant—that is, bound by the thirty-day limit on removal—"only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Id. at 350. The Court essentially acknowledged the significance of formal service to the judicial process, most notably the importance of service in the context of the time limits on removal (notwithstanding an earlier admonition by the Court in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), for strict construction of the removal statute). We conclude that, if faced with the issue before us today, the Court would allow each

despite having already failed in its own efforts to remove." Brierly, 184 F.3d at 534 n.3. As the court said, "[H]olding otherwise would . . . nullify our holding that later-served defendants are entitled to 30 days to remove the case to district court." Id. The court neither said nor implied that the first-served defendant was required to attempt removal before a later-served defendant would be entitled to thirty days from service on him within which to remove.

defendant thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices.[6] See 16 James Wm. Moore et al., Moore's Federal Practice § 107.30[3][a][i], at 107-163 (3d ed. 2000) ("[I]t is likely that the Court may decide that the later served defendants may not have their removal right compromised before they are served, and that they ought to have the opportunity to persuade the earlier served defendants to join the notice of removal. Thus, the fairness approach may well, and should, supercede [sic] the unanimity rule.").

We hold that the later-served defendants in this case had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them. Thus, the District Court's decision to deny remand to the state court is affirmed.

## II.

In the event we affirm the District Court on the question of removal (which we now have done), Marano asks us to reverse the court's decision to dismiss for improper venue. The District Court held that clauses within the franchise and development agreements requiring that actions on those agreements be brought in a court in Denver, Colorado, were enforceable, and therefore dismissed the case. "[A] forum selection clause is enforceable unless it is invalid or enforcement would be unreasonable and unjust." Dominium Austin Partners v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001). Marano advances three reasons why we should hold that the District Court abused its discretion in holding that the clauses are enforceable. See Terra Int'l, Inc. v. Miss.

---

[6]Our holding today in no way affects the rule of unanimity. Later-served defendants seeking removal are required to have the consent of all defendants, as they did here.

Chem. Corp., 119 F.3d 688, 691 (8th Cir.) (standard of review), cert. denied, 522 U.S. 1029 (1997).

First, Marano contends that the claim of fraud raised in its lawsuit encompasses a claim that it was induced by fraud to agree to the forum-selection clauses. A "forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion." Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974). Marano's complaint does not even remotely suggest that the clauses were inserted into the agreements as the result of fraud, and the brief on appeal offers no specifics concerning what the fraud might have been or how it was perpetrated. The general allegation by Marano that it was induced by fraud to enter into the franchise and development agreements is insufficient to raise an issue that the forum-selection clauses within those agreements may be unenforceable because of fraud, and so Marano's argument must fail.

Marano also argues that, because plaintiff Leon Marano and three of the defendants are not parties to the agreements wherein the clauses are found, they should not be bound by them. The three defendants have not challenged the enforceability of the clauses; indeed, all defendants joined in the motion to dismiss for improper venue. As for Leon Marano, the plaintiffs jointly represented to the District Court that he is a shareholder, officer, and director of Marano Enterprises, which *was* a party to the agreements. As such, he is, without question, "closely related" to the disputes arising out of the agreements and properly bound by the forum-selection provisions. Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993) ("In order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound.") (citations to quoted cases omitted). Leon Marano joined with Marano Enterprises and Bruce Marano in bringing suit against Z-Teca under the agreements, arguably acquiescing in the forum-selection clauses within those agreements. As a voluntary plaintiff, he will not now be heard to object to jurisdiction limited to the venue(s) to which his co-plaintiffs agreed.

Finally, Marano argues that the forum-selection provisions are not binding because they are in violation of Missouri public policy, citing the Missouri Franchise Act and case law interpreting the Act. But Marano never alleged a claim under the Act, and we do not believe the complaint can be read to put Z-Teca or the District Court on notice that Marano intended to allege such a claim. If Marano truly believes it is in a position to sustain a claim under the Act, then the complaint should have been amended to include the claim and invoke the Act when Z-Teca filed its motion to dismiss, at the latest. By not raising it until this appeal, Marano comes too late to this legal theory. The public policy of the Act is not in play in this case.

Enforcing the forum-selection clauses in the agreements at issue here will not "deprive the [defendants] of [their] fair day in court." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999). Marano may file suit in a court of general jurisdiction in Denver or even bring its claims in a lawsuit already filed by the successor to Z-Teca Restaurant Corp. against Marano Enterprises and Bruce Marano, now pending in the United States District Court for the District of Colorado. In these circumstances, we hold that the District Court correctly dismissed the case for improper venue.[7]

III.

We affirm the District Court's denial of Marano's motion to remand the case to the state court and affirm the dismissal of the case based on the forum-selection clauses in the franchise and development agreements.

---

[7]Although it has not been raised in this appeal, and probably is patently clear from the language in the District Court's opinion and our opinion, we nevertheless emphasize that the dismissal is without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.