Clara B. SMITH, Plaintiff,

v.

**THE HEALTH CENTER OF LAKE CITY, INC., et al., Defendants.**

No. 3:02–CV–899–J–32HTS.

United States District Court,
M.D. Florida,
Jacksonville Division.

Feb. 5, 2003.

David P. Healy, Law Office of David P. Healy, PL, Tallahassee, FL, for Clara B. Smith, plaintiff.

Paul Oliver, Kathleen J. Jennings, David S. Mohl, Wimberly, Lawson, Steckel, Nelson & Schneider, P.C., Atlanta, GA, Phillip B. Russell, Wimberly, Lawson, Suarez & Russell, LLC, Tampa, FL, for Health Center of Lake City, Inc., a Florida corporation, Florida Convalescent Centers, Inc., a Florida corporation dba Palm Garden of Lake City, National Health Corp, a Tennessee corporation, defendants.

### ORDER

CORRIGAN, District Judge.

This case is before the Court on a Motion to Remand (Doc. 9) and Memorandum of Law in Support thereof filed by plaintiff Clara B. Smith (Doc. 10) and a memorandum in Opposition to Plaintiff's Motion to Remand filed by defendants, National HealthCare Corporation ("NHC"),[1] Florida Convalescent Centers, Inc. ("FCC"), and The Health Center of Lake City, Inc. ("HCL") (Doc. 12).

### I. Background

The facts relevant to plaintiff's Motion to Remand are undisputed. Plaintiff filed an action in Florida state court against defendants, alleging unlawful discrimination against her "on the basis of her race, marital status and pregnancy in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992 (the "FCRA"), section 760.01 et seq., Florida Statutes" (Doc. 2). On August 23, 2002, defendant FCC received service of the summons and a copy of the Complaint (Doc. 10, Ex. A). On August 29, 2002, defendant HCL received service of the summons and a copy of the Complaint (Doc. 10, Ex. B). On September 5, 2002, defendant NHC received service of the summons and a copy of the Complaint (Doc. 10, Ex. C).

On September 24, 2002, nineteen days after it received service of process, defendant NHC filed a Notice of Removal, in which it stated that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 (Doc. 1). In its Notice, defendant NHC also stated that "[a]ll Defendants concur in this removal" (Doc. 1, ¶ 4). The Notice was signed by defendant NHC's counsel only on behalf of NHC (Doc. 1 at

---

1. Plaintiff referred to defendant NHC as "National Health Corporation" in her Complaint (Doc. 2), but she later referred to defendant NHC as "National Healthcare Corporation" in her Motion to Remand (Doc. 9). Defendants state that NHC was erroneously referred to as "National Health Corporation" in the Complaint and refer to defendant NHC as "National HealthCare Corporation" (Doc. 12).

2–3). On October 1, 2002, all three defendants, who by that time were all represented by the same counsel who filed the Notice of Removal on behalf of defendant NHC, filed separate Answers and Defenses (Docs. 5, 6 & 7).

On October 23, 2002, plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c) (Doc. 9).[2] In her Memorandum of Law in support of her Motion, plaintiff argues that remand is required because the Notice of Removal was not filed within thirty days after service of process upon defendant FCC, the first-served defendant (Doc. 10).

In their Opposition to Plaintiff's Motion to Remand, defendants agree that the Notice of Removal was not filed within thirty days after defendant FCC was served (Doc. 12 at 1–2).[3] Defendants argue, however, that the Eleventh Circuit has yet to determine "whether a last-served defendant may remove a case to federal court after an earlier served defendant failed to file a Notice of Removal within thirty (30) days of service" (*Id.* at 1). Defendants

further argue that NHC "is the only named defendant with a significant legal interest in the substance of this matter" and that it would be "an overly harsh and strict interpretation of 28 U.S.C. § 1446(b) to punish NHC for the failure of another defendant, with no legal interest in the case, to timely remove this action" (*Id.* at 2).[4]

## II. Discussion

### A. *Sufficiency of Consent*

 It is well-settled that, under the "unanimity rule," all defendants must consent to removal to federal court. *See e.g., Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1049 (11th Cir.2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court. Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction.") (citations omitted).[5] If all defendants do not con-

---

**2.** Plaintiff's Motion to Remand was timely filed. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

**3.** Defendant FCC was served on August 23, 2002 (Doc. 10, Ex. A). Thirty days after August 23, 2002 was Sunday, September 22, 2002. Had FCC been the only defendant, the Notice of Removal would have been due on Monday, September 23, 2002. *See* Fed. R.Civ.P. 6. The Notice of Removal was not filed until Tuesday, September 24, 2002 (Doc. 1).

**4.** According to the affidavit of Harold Bone, who is employed by NHC as Assistant Vice President for Partner Relations, at various times all three defendants owned and/or managed the nursing home where plaintiff was employed (Doc. 13). The facility was owned by FCC and managed by NHC when plaintiff

was hired, but FCC transferred ownership to NHC on May 1, 1999, at which time NHC agreed to indemnify FCC for any legal claims arising out of the facility (*Id.*) On October 1, 2000, ownership of the facility was transferred to HCL (*Id.*). Defendants argue that NHC is the real party in interest because FCC contracted away its liability to NHC, and HCL was not plaintiff's statutory employer because it did not acquire ownership of the facility until nearly two years after plaintiff's employment was terminated (Doc. 12 at 3).

**5.** There is an exception to the unanimity rule which provides that "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants Union of N.A.,* 427 F.2d 325, 327 (5th Cir.1970). "The ultimate test of whether the ... defendants are ... indispensable parties ... is whether in the absence of the [defen-

sent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c), making removal improper.[6]

■ To show that all defendants have consented to removal and, thus, that the rule of unanimity has been followed, courts have held that the removing defendant must do more than simply state in the removal notice that all defendants consent to removal. *See e.g., Jones ex. rel. Bazerman v. Florida Dep't of Children & Family Servs.,* 202 F.Supp.2d 1352, 1353–55 (S.D.Fla.2002) (where the removing defendant stated in her timely removal notice that "[a]ll defendants who [had] been served ... [had] consented" to removal but one defendant never filed its notice of consent to removal, holding that "the rule of unanimity [had] been violated" and that the case had to be remanded); *Newman v. Spectrum Stores, Inc.,* 109 F.Supp.2d 1342, 1346 (M.D.Ala.2000) (where the removing defendant filed a timely removal notice and stated that

"[a]ll named and served Defendants have consented to and join in the removal of this action," but another defendant did not file a timely notice of consent, following the "majority rule" and remanding because " 'it is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal' ") (quoting *Wakefield v. Olcott,* 983 F.Supp. 1018, 1021 (D.Kan.1997)); *Miles v. Kilgore,* 928 F.Supp. 1071, 1076 (N.D.Ala.1996) (holding that "in a civil action where there are several served defendants the mere bald, unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal fails to constitute a sufficient consent to removal"); *Nathe v. Pottenberg,* 931 F.Supp. 822, 825 (M.D.Fla.1995) ("To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30–day period pre-scribed in 28 U.S.C. § 1446(b).").[7]

---

dant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id.* (quotation omitted).

This exception to the unanimity rule is not at issue here. While defendants argue that NHC is the only real party in interest (and thus they argue that it would be unfair to penalize NHC for not having removed within 30 days of FCC having been served), defendants do not argue that FCC and HCL are "nominal or formal parties" which were not required to join in the removal. Instead of arguing that not all defendants were required to consent to removal, defendants simply argue that removal was timely because it occurred within thirty days of service on NHC, the last-served defendant. Defendants have also not provided this Court with sufficient evidence from which this Court could determine that FCC or HCL is a nominal or formal party that was not required to consent to removal.

6. While the failure of all defendants to consent to removal is a defect in removal procedure, such defect is not jurisdictional. *See*

*e.g., Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995) ("Failure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c), but is not deemed to be jurisdictional."); *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990) (noting that the "failure of all the defendants to join in a removal petition is not a jurisdictional defect" and that such defect can be waived by a plaintiff). *See also Loftin v. Rush,* 767 F.2d 800, 805 (11th Cir. 1985) ("The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived. Failure to object to defects constitutes waiver and may preclude a party from seeking remand to state court.") (citations omitted), abrogated on other grounds by *Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc.,* 122 F.3d 930, 933 (11th Cir.1997).

7. Language in an earlier decision suggests that a defendant may simply allege in the removal notice that all other defendants consent. *See Jasper v. Wal–Mart Stores, Inc.,* 732 F.Supp. 104, 105 (M.D.Fla.1990). In *Jasper,* the Court stated that "all defendants, served

Because an Order remanding a case due to a defect in removal procedure under Section 1447(c) is not reviewable on appeal, Circuit Courts rarely address what is required to demonstrate consent to removal. *See e.g., In re Ocean Marine Mut. Prot. and Indem. Ass'n., Ltd.,* 3 F.3d 353, 355 (11th Cir.1993) (holding that "a remand order based on a timely § 1447(c) motion to remand for defects in removal procedure is unreviewable pursuant to § 1447(d)"). However, the Fifth Circuit has stated:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988).

Similarly, the Seventh Circuit has stated:

> The notice of removal stated that "[a]ll other defendants who have been served with summons in this action have stated that they do not object to the removal of

this action to federal court." Under ordinary standards, this is deficient. A petition for removal fails unless all defendants join it. To "join" a motion is to support it in writing, which the other defendants here did not.

*Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994) (citations omitted), abrogated on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

■ In the instant case, defendant NHC stated in the Notice of Removal that "[a]ll Defendants concur in this removal" (Doc. 1, ¶ 4). The Notice was signed by NHC's counsel only on behalf of NHC; the other defendants did not file a separate written consent to the removal.[8] This alone is insufficient to show that all defendants consented to removal.

Although no party raises the issue, it could be argued that all defendants indicated their consent to removal by filing their Answers in this Court. In *Holder v. City of Atlanta,* 925 F.Supp. 783, 785 (N.D.Ga.1996), one defendant filed its notice of removal within thirty days of being served, but the other defendants did not join in or consent to the removal. *See id.* The defendants argued that their filing of answers in federal court demonstrated their consent to removal. The Court disagreed, holding that "[a] defendant's answer that is silent on whether the defendant consents to removal does not constitute proper consent." *Id.* (citing *Clyde v. Nat'l Data Corp.,* 609 F.Supp. 216, 218 (N.D.Ga. 1985)).[9] The Court stated that, even as-

---

at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants." However, the above-quoted language indicating that a defendant may simply allege consent of all defendants is *dicta*, because the signer of the removal petition in *Jasper* did not allege consent of all defendants. *See Nathe,* 931 F.Supp. at 824 (noting that *Jasper* did not decide the issue because the above-quoted statement was *dicta* ).

8. Although all three defendants are now represented by the same counsel who filed the Notice of Removal, apparently this counsel only represented defendant NHC at the time that the Notice was filed.

9. In the instant case, defendant FCC's and HCL's Answers were silent on whether they consented to removal.

suming that defendants' filing of their answers in federal court was a sufficient indication of their consent to removal, removal was not proper because all defendants did not file their answers within thirty days of service upon the first defendant served and two of the defendants did not file their answers until more than thirty days after such defendants had been served. *See Holder,* 925 F.Supp. at 785. The Court therefore found a "defect in the removal process" because the defendants failed to consent within the thirty day period provided for in 28 U.S.C. § 1446(b) and remanded the case to state court. *See id.* at 786.

Because plaintiff does not argue that defendants failed properly to consent to removal (and plaintiff has therefore waived this issue), the Court will assume *arguendo* that defendants FCC and HCL have sufficiently consented to removal.

B. *Timeliness*

However, *Holder* addresses another issue—which is the only issue raised by plaintiff in her Motion to Remand and addressed by defendants in their Opposition thereto—regarding when a notice of removal must be filed when there are multiple defendants served at different times. The Court must therefore determine when the thirty day clock begins to run for purposes of 28 U.S.C. § 1446 to determine whether the removal was timely. Section 1446(b) states in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).

■ Thus, the statute, which speaks in terms of "the defendant," does not address the timeliness of a notice of removal when

there are multiple defendants. Nor has the Eleventh Circuit decided the issue. As discussed *infra,* the courts which have considered the issue are split. Under the "first-served rule," service upon the first of multiple defendants starts the Section 1446(b) clock. Other courts have rejected the first-served rule and have held that a later-served defendant has thirty days from his receipt of service to remove, with the consent of the other defendants.

The first-served rule was articulated by the Fifth Circuit in *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986), and *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254 (5th Cir.1988). In *Brown,* a defendant who was added to a state court action which had been pending in state court for four years removed the case to federal court within thirty days of having been served. *See Brown,* 792 F.2d at 480. All of the defendants concurred in the removal. *See id.* The plaintiffs brought a motion to remand on the basis that removal was untimely, but the district court denied the motion. *See id.* On appeal, the Fifth Circuit reversed, holding that, "if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." *Id.* at 481 (quotation omitted). The Court stated that this rule "follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court." *Id.* at 482. The Court recognized that this rule had been criticized as unfair because it "deprives defendants served after the thirty-day period of the opportunity to persuade the first defendant to join in the removal petition," but it found such criticism unpersuasive. *See id.* (quotation omitted). The Court stated:

A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff. To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.

*See id.*

The *Brown* Court went on to state, however, that it established "no inexorable time limit" and that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Id.* Finding no such exceptional circumstances in the case, the Fifth Circuit remanded. *See id.*

In *Getty Oil*, a defendant removed the case within thirty days of having been served. *See* 841 F.2d at 1256. Two later-served defendants consented to the removal within thirty days of removal and within thirty days of such defendants having been served; however, one of those defendants did not consent until fifty-one days after the first defendant was served. *See id.* at 1257 & 1262 n. 11. The plaintiff filed a motion to remand. *See id.* at 1256. Without deciding the motion to remand, the district dismissed the action on the merits. *See id.* at 1257. On appeal, the Fifth Circuit vacated and remanded to the district court "to determine the relevant jurisdictional and removal issues," including

whether there were "exceptional" circumstances alluded to in *Brown* justifying the untimely consent to removal *Id.* at 1264. In guiding the district court, the Court stated that, "[i]n cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Id.* at 1262–63.[10]

The first-served rule has also previously been adopted by this Court. *See Faulk v. Superior Indus. Int'l, Inc.,* 851 F.Supp. 457, 458 (M.D.Fla.1994). In *Faulk,* a removal petition was filed forty-seven days after the first defendant was served but within thirty days after the last defendant was served. Following what it deemed to be the majority rule at the time and citing *Getty Oil* and *Brown,* as well as district court cases, the Court adopted the first-served rule. *See id.* at 459. The Court also found no exceptional circumstances negating the applicability of the rule. *See id.*

Since *Getty Oil,* several Circuit Courts of Appeal have considered the timeliness of a removal when there are several defendants served at different times. In *McKinney v. Bd. of Trustees of Mayland Cmty. College,* 955 F.2d 924, 925 (4th Cir. 1992), the plaintiffs filed their complaint in state court on April 25. Three of the defendants were served that same day. *See id.* Eight others were served on May 19. *See id.* The first three defendants who were served and seven of the eight others petitioned for removal on May 25, exactly thirty days after service on the first three defendants. *See id.* The one defendant who had been served on May 19 but who did not join the petition on May 25 joined on June 20. *See id.* The plain-

---

**10.** The Court also stated that, "if a removal petition is filed by a served defendant and another defendant is served after the case is removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand." *Getty Oil,* 841 F.2d at 1263 (citing 28 U.S.C. § 1448).

tiffs argued that removal was untimely because all defendants had to consent to removal by May 25, thirty days after service on the first-served defendants. *See id.* The district court disagreed. *See id.* On appeal, the Fourth Circuit stated:

We do not find the *Getty Oil* conclusion to be logical. While the first served defendant clearly must petition for removal within thirty days, section 1446(b) does not imply in any way that later served defendants have less than thirty days in which to act. Although the *Getty Oil* court stated that its rule "promotes unanimity among the defendants," ... "unanimity" appears to be an inappropriate word choice. Rather, in establishing one fixed deadline for defendants served as much as thirty days apart, a better term for what the *Getty Oil* rule could lead to is "inequity." We do not think that Congress, in providing for removal to federal court, intended to allow inequitable results. Nor do we believe that it is appropriate for a court to add a word to a statute, as the *Getty Oil* opinion does by inserting "first" before "defendant."

*McKinney,* 955 F.2d at 926–27.

After rejecting the *Getty Oil* conclusion, the Fourth Circuit then addressed several policy concerns surrounding the first-served rule. For example, the Court stated that if plaintiffs want to know which court they will be in at the earliest possible date they need only make sure that all defendants are served at about the same time. *See id.* at 927. The Court also pointed out that the first-served rule would allow plaintiffs to use tactical maneuvering effectively to prevent removal by serving a second defendant on the thirtieth day after the first defendant was served. *See id.* at 928. The Court also stated that another policy concern, which was not present when *Getty Oil* was decided, is that in 1988 Congress amended section 1446(a) to make petitions for removal subject to Rule 11 of the Federal Rules of Civil Procedure. *See id.* According to the Court, this amendment "is further reason to allow all defendants a full thirty days to investigate the appropriateness of removal," because, otherwise, "later served defendants [would] have to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions." *Id.* Thus, the Court held that, "under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *Id.*

The facts of *McKinney* are distinguishable from the present case, because in this case NHC did not join in "an otherwise valid removal." The Fourth Circuit did state, however, that "the first served defendant clearly must petition for removal within thirty days." *Id.* at 926. Here, FCC, the first served defendant, did not file a notice of removal within thirty days. Thus, the Fourth Circuit would presumably remand this case.

In *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351, 353 (E.D.Mo.1981), cited with approval by the Fourth Circuit in *McKinney,* one defendant was served on October 1, and the other defendant was served on October 16. Both defendants joined in a petition for removal on November 15. *See id.* Although it denied the plaintiff's motion for remand after determining that the first served defendant was not a proper party, the district court stated that "each [defendant] must file for removal within thirty days from the date on which that particular defendant was served" and that, "[i]f the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent." *Id.* at 354.

If this Court were to adopt the rule in *Quick Erectors, Inc.,* cited with approval

by the Fourth Circuit, remand would be required, because defendant FCC did not remove within thirty days of having been served.[11]

The Sixth Circuit has also considered this issue. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir.1999). In *Brierly*, the first-served defendant filed a notice of removal, but the case was remanded to state court because the defendant had not proven diversity among all the parties. *See id.* at 530. When the second defendant was served, he removed the case within thirty days of service upon him, but long after the first-served defendant had been served. *See id.* at 531. The district court denied the plaintiff's motion to remand. *See id.* On appeal, the Sixth Circuit considered the question of "whether, in cases with multiple defendants served at different times, the last-served defendant is allowed a full 30 days after being served to remove or, instead, only has 30 days from [the] time the first defendant is served." *Id.* at 532. The Court stated:

> [A]s a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert "first" before "defendant" into the language of [Section 1446]. We are naturally reluctant to read additional words into the statute, however. If Congress had intended the 30–day removal period to commence upon service of the first defendant, it could have easily so provided. For that reason, and as a matter of fairness to later-served defendants, we hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court,

with the consent of the remaining defendants.

*Brierly*, 184 F.3d at 533.

Contrary to the Fourth Circuit's statement in *McKinney*, discussed *supra*, the Sixth Circuit also held that the first-served defendant could consent to the later-served defendant's petition to remove the case, "despite having already failed in its own efforts to remove." *See id.* at 533 n. 3. The Court stated that, "[g]iven the rule of unanimity, holding otherwise would vitiate the removal application of the later-served defendants and thereby nullify [its] holding that later-served defendants are entitled to 30 days to remove the case to district court." *Id.*

In *Marano Enterprises of Kansas v. Z–Teca Restaurants, L.P.*, 254 F.3d 753, 755 (8th Cir.2001), two defendants were served on February 1, and two were served on February 3. On March 3, thirty-one days after the February 1 service but twenty-nine days after the February 3 service, all defendants jointly removed the case. *See id.* The district court denied the plaintiff's motion to remand. *See id.* After reviewing several cases both following and rejecting the first-served rule, the Eighth Circuit stated that it found "neither position particularly compelling, as both are susceptible to abuse and have potential to create inequities." *Id.* at 756. The Court stated, however, that it was convinced that "the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)." The Court stated:

> In *Murphy Bros.*, the defendant was faxed a courtesy copy of the complaint

---

**11.** In *Marano Enterprises of Kansas v. Z–Teca Restaurants, L.P.*, 254 F.3d 753, 755 (8th Cir. 2001), discussed *infra*, the Eighth Circuit adopted a rule contrary to the *dicta* in *Quick Erectors, Inc.*

but was not officially served until two weeks later. The defendant removed the case to federal court within thirty days of service but more than thirty days after receiving the faxed copy of the complaint. The question before the Court was "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run." 526 U.S. at 347, 119 S.Ct. at 1322. The Court held that formal process is required, noting the difference between mere notice to a defendant and official service of process . . . .

*Marano Enterprises of Kansas,* 254 F.3d at 756.

Based upon the Supreme Court's holding in *Murphy Bros., Inc.,* the Eighth Circuit concluded that, "if faced with the issue before us today, the [Supreme] Court would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when— or if—previously served defendants had filed such notices." *See id.* at 756–57. Thus, the Eighth Circuit affirmed the district court's denial of the motion to remand. *See id.* at 757.

Finally, another district court in the Eleventh Circuit has rejected the conclusion in *Getty Oil.* In *Collings v. E-Z Serve Convenience Stores, Inc.,* 936 F.Supp. 892 (N.D.Fla.1996), the Court considered "a policy question of whether a later-joined defendant may remove a case to federal court when the initial defendant has waived its right to remove." The Court stated that it did not believe "that allowing later-joined defendants to remove to federal court violates the unanimity rule," because the unanimity rule "does not prohibit a defendant who has waived the right to remove from joining a petition," but rather "simply requires that all defendants *join in* the removal petition." *Id.* at 894 (quotation omitted) (emphasis in original). In

denying the plaintiff's motion to remand, the Court stated that "[a]llowing later-added defendants an opportunity to remove still requires all defendants to consent to the petition for removal, thus keeping the case in one court." *Id.*

After considering the various approaches taken by the courts in deciding the timeliness of a notice of removal when there are multiple defendants served at different times, the Court concludes that remand is appropriate in this case. Regardless of whether the Court were to adopt the rule announced in *Getty Oil*— i.e., "[i]n cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served," *Getty Oil,* 841 F.2d at 1262–63—or the rule announced in *McKinney*—i.e., "individual defendants have thirty days from the time they are served with process or with a complaint *to join in an otherwise valid removal petition,*" *McKinney,* 955 F.2d at 926–27 (emphasis added)—remand is required because FCC, the first-served defendant, did not file a notice of removal within thirty days of service; NHC's Notice of Removal was not filed within thirty days after the first-served defendant, FCC, was served; and NHC did not join in an otherwise valid removal. The Court also does not find any "exceptional circumstances" alluded to in *Brown* which would justify overlooking the untimeliness of the removal; indeed defendants offer no explanation of why they could not have removed within thirty days of FCC being served.

The Court does not find persuasive the policy arguments in *Brierly* and *Marano* and other cases following them, which have allowed later-served defendants thirty days from the date of their service to remove, regardless of whether earlier-served defendants failed to remove within thirty days of their service. While it is true that the first-served rule requires the

Court in effect to read the words "first-served" before the word "defendant" into Section 1446(b), a rule allowing defendants who did not remove within thirty days of their service to consent to removal by a later-served defendant would require the Court to read the words "last-served" into the statute.[12] Although the Court's ruling may seem strict, the Eleventh Circuit has instructed district courts to heed the "bright line limitations on federal removal jurisdiction." *See Russell*, 264 F.3d at 1049 ("There are several such bright line limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.").

Nor does the Court believe that ordering a remand is inherently unfair or overly harsh, as defendants argue. Section 1446(b) allows a defendant to remove within thirty days of service. Defendant FCC failed to do so, without explanation, and therefore forfeited its right to remove *and* to consent to removal by another defendant. Also, this is not a situation where two defendants were served more than thirty days apart, which can bar a later-served defendant's attempt to remove if the earlier-served defendant failed to remove. FCC and NHC were served on August 23, 2002, and September 5, 2002, respectively. NHC thus had eighteen days after it was served to file its notice of removal and obtain the consent of the other defendants to removal but failed to do so. Finally, remand is not a "punishment," as defendants argue; rather the

Court is simply finding that defendants failed timely to invoke this Court's limited removal jurisdiction and is returning the case to a state court of equally competent jurisdiction.

### C. *Attorney's Fees and Costs*

■ Plaintiff seeks reimbursement of attorney's fees and costs associated with her Motion for Remand (Doc. 9). Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award fees and costs under this section is within the Court's sole discretion. *See e.g., Martin v. Mentor Corp.*, 142 F.Supp.2d 1346, 1349 (M.D.Fla.2001). Given that there is no Eleventh Circuit precedent on point and the different conclusions reached by various courts concerning when the thirty day period for removal begins in this situation, the Court declines to award fees and costs. *See e.g., Clegg v. Bristol–Myers Squibb Co.*, 285 B.R. 23, 38 (M.D.Fla.2002) (where defendants' efforts to remove "were not without some basis in law" and where "there was no binding Eleventh Circuit authority directly on point," holding that "the more sound approach is to decline to award fees because a reasonably objective basis for removal was present").

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Remand (Doc. 9) is **GRANTED**. The Clerk is directed to remand this case to the Third Judicial Circuit in and for Columbia County, Florida. Plaintiff's request for fees and costs

---

**12.** The Court also does not find that the Supreme Court's holding in *Murphy Bros.* indicates that the Supreme Court would adopt the approach taken by the Eighth Circuit in *Marano*. *Murphy Bros.* was based on the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347, 119 S.Ct. at 1325. Such bedrock principle is not implicated in this case.

related to the Motion for Remand is **DE-NIED**.

2. The Clerk should close the file.