**Calene HERNANDEZ Guardian of the property of Jeanne H. Thompson, Plaintiff,**

v.

**Margaret FERRIS; Discover Bank; Ameriprise Financial Services, Inc.; and Americo Financial Life and Annuity Co., Defendants.**

**Case No. 8:12–cv–2066–T–30AEP.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 14, 2012.

Neal L. O'Toole, Joseph A. Parrish, Jr., Lilly, O'Toole & Brown, LLC, Bartow, FL, for Plaintiff.

Clifford Vincent Locurto, The Locurto Law Firm, P.A., Tallahassee, FL, for Defendants.

## ORDER

JAMES S. MOODY, JR., District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 7) and Defendant Margaret Ferris' Response in opposition (Dkt. 15). The Court, having considered the motion, response, and being

otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Jeanne H. Thompson commenced this action in Circuit Civil Court in and for Polk County, Florida, seeking to appoint Calene Hernandez as her legal guardian and contemporaneously seeking an *ex parte* injunction freezing accounts held by Defendants Discover Bank ("Discover"), Ameriprise Financial Services, Inc. ("Ameriprise"), and Americo Financial Life and Annuity Insurance Company ("Americo").[1] The second amended complaint alleges liability and damages solely against Defendant Margaret P. Ferris related to her alleged conversion, duress, interference with an expectancy, and elder abuse. Specifically, the second amended complaint alleges that Ferris, who maintained a close, personal relationship of trust and confidence with Thompson, coerced and unduly influenced Thompson to alter and change the ownership of Thompson's financial accounts to reflect joint ownership with Ferris, with rights of survivorship. The second amended complaint further alleges that Thompson was demented, feeble-minded, mentally weak, and incapable of fending off coercion, duress, or undue influence.

On September 12, 2012, Ferris timely removed the state-court action to this Court based on diversity.[2] On October 9, 2012, Hernandez filed the instant motion to remand. Hernandez acknowledges that the parties are diverse and the requisite amount of controversy is met. Hernandez also acknowledges that the removal is timely. Hernandez's single argument in favor of remand is that the removal is defective because Ferris' co-Defendants, to wit, Discover, Ameriprise, and Americo, did not join in or consent to the removal.

For the reasons set forth below, the Court concludes that the motion to remand should be denied because Discover, Ameriprise, and Americo are nominal parties whose consent was unnecessary for removal purposes.

## DISCUSSION

The United States Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). For this reason, statutes authorizing removal of actions to federal courts are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns,* 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). In fact, because federal courts are of limited jurisdiction "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir.2001) (internal citations and quotations omitted).

Federal courts have diversity jurisdiction over civil actions when the

---

**1.** The complete state-court record was not filed with this Court. It appears, from a review of the state-court docket, that the state court appointed Calene Hernandez as Thompson's legal guardian prior to the removal of

the action to this Court and granted the *ex parte* injunction, thereby freezing the relevant financial accounts.

**2.** Ferris was served on August 13, 2012.

amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001). However, for purposes of a diversity jurisdiction analysis, the citizenship of "nominal" parties need not be considered. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). In general, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Smith v. Health Ctr. of Lake City, Inc.,* 252 F.Supp.2d 1336, 1339 n. 5 (M.D.Fla.2003) (quoting *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N.A.,* 427 F.2d 325, 327 (5th Cir.1970))[3]; *see also Property Choice Group, Inc. v. LaSalle Bank Nat. Ass'n,* 2012 WL 2568138, at *1 (M.D.Fla. July 2, 2012) (noting that "[a] defendant may remove without the consent of a nominal party").

■ "The ultimate test of whether the ... defendants are ... indispensable parties ... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Smith,* 252 F.Supp.2d at 1339 n. 5 (internal citations and quotations omitted). Whether a party is necessary or indispensable "depends on the facts in each case." *Id.* (internal citations and quotations ·omitted); *see also Property Choice Group, Inc.,* 2012 WL 2568138, at *1 (noting that "[a] nominal party includes a party with no legal

interest in the outcome of the action and a party in whose absence the plaintiff can obtain sufficient relief").

■ Hernandez's claims in this case demonstrate that Defendants Discover, Ameriprise, and Americo are nominal parties; specifically, their only connection to this case relates to the custody of the relevant financial accounts, which they hold. As financial institutions, they have no legal interest in the outcome of the dispute, which is between Hernandez, as Thompson's legal guardian, and Ferris. Importantly, the second amended complaint is devoid of any allegations of wrongdoing or liability against Discover, Ameriprise, or Americo. Simply put, Discover, Ameriprise, and Americo are financial institutions with no stake in the outcome of this case. Accordingly, as nominal parties, their consent to the removal was not required. *See Gaetke v. Bankers Life & Cas. Co.,* 1997 WL 211234, at *2–3 (N.D.Ill. April 22, 1997) (holding that defendant Bankers Life & Cas. Co. was a nominal party whose presence did not affect removal because "the allegations of the complaint made clear that the actual dispute was between the siblings and father and that Bankers Life was only holding funds which one or more of the other parties were entitled to obtain"); *see also Argo Global Special Situations Fund v. Wells Fargo Bank, N.A.,* 810 F.Supp.2d 906 (D.Minn.2011); *Sun River Energy, Inc. v. Mirador Consulting Inc.,* 2011 WL 3703229 (N.D.Tex. Aug. 19, 2011).

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. 7) is DENIED.

---

**3.** The Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v.* *City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).